Ned **WILKINS**, Plaintiff-Appellee,

v.

The **EATON CORPORATION**,
Defendant-Appellant.

No. 84–3931.

United States Court of Appeals,
Sixth Circuit.

Aug. 4, 1986.

Before ENGEL and MILBURN, Circuit Judges; and CONTIE, Senior Circuit Judge.

## ORDER

Ned Wilkins, the plaintiff-appellee, filed, on July 1, 1986, a seventeen page Petition for Rehearing. Since the petition was filed one day late and was two pages longer than the maximum length for such petitions, Fed.R.App.P. 40, petitioner also filed motions to accept his petition despite these deficiencies. Although the original hearing panel has decided to permit the filing of the petition, the members unanimously agree that the petition should, nonetheless, be denied.

There is one major argument raised by the petition: that the hearing panel, in its original decision, *Wilkins v. Eaton Corp.*, 790 F.2d 515 (6th Cir.1986), overlooked evidence indicating that Eaton's proffered reason for discharging the petitioner was merely a pretext for discriminating against him on the basis of age. The petitioner points out that the checklist was replaced shortly after petitioner's discharge, other checklists were being used by Eaton at the time of his discharge, petitioner was justified in not using the checklist because it was unsafe and other checklists were utilized, petitioner did not refuse to fly, Eaton reversed itself and decided not to consider petitioner's comments before discharging him, and Eaton singled out petitioner for harsher treatment than a younger pilot, Mr. Saylor.

All these facts were brought to our attention when the case was initially argued. We did not overlook any of these factors in deciding the case, and we continue to be convinced that this evidence does not satisfy petitioner's burden of "establishing by a preponderance of evidence that age was the determining factor in [petitioner's] discharge." *Wilkins v. Eaton Corp.*, 790 F.2d 515, 523 (6th Cir.1986). This evidence primarily focuses on whether adopting this checklist was a good policy decision —i.e., whether Eaton should have adopted, from the start, a shorter checklist. However, factfinders and federal courts may not focus on the soundness of a corporation's business judgment, *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1012 (1st Cir.1979); rather, the proper inquiry is whether the plaintiff has met his burden of persuasion, by a preponderance of evidence, that his employer discriminated against him on the basis of age. *Rose v. National Cash Register Corp.*, 703 F.2d 225, 227 (6th Cir.), *cert. denied*, 464 U.S. 939, 104 S.Ct. 352, 78 L.Ed.2d 317 (1983); *Laugesen v. Anaconda Co.*, 510 F.2d 307, 313 (6th Cir.1975). It is our firm belief that there is no more than a mere "scintilla" of evidence supporting petitioner's claim, *cf. Brady v. Southern Railway Co.*, 320 U.S. 476, 479, 64 S.Ct. 232, 234, 88 L.Ed. 239 (1943); *Morelock v. NCR Corp.*, 586 F.2d 1096, 1104 & n. 10 (6th Cir.1978), *cert. denied*, 441 U.S. 906, 99 S.Ct. 1995, 60 L.Ed.2d 375 (1979); *Ker-*

*wood v. Mortgage Bankers Ass'n of America, Inc.,* 494 F.Supp. 1298 (D.D.C.1980), which is insufficient to support a finding of age discrimination.

■ As noted in our first opinion, there is no evidence that the checklist was adopted to discriminate against older pilots and it is clear that every pilot was required to use it. The fact that Eaton replaced the checklist within one week of petitioner's discharge does not help petitioner's case; all pilots were required to use the old checklist in the interim, and it was a matter of general knowledge that Eaton's adoption of a new checklist was imminent. Similarly, the fact that other checklists were available is irrelevant since Eaton made a business judgment that its employees were to use a specific checklist.

As was thoroughly discussed in our initial opinion, Saylor and petitioner did not act in a like manner; the fact that the petitioner was fired and Saylor was not, therefore, does not give rise to an inference of age discrimination. We are simply not persuaded by petitioner's argument that he did not refuse to fly. Petitioner clearly refused to use a checklist against Eaton's commands, and he refused to fly if he were required to use the checklist. One refusal naturally led to the other.

In his petition for rehearing, petitioner notes that the district court's decision to reinstate him was premised on the fact that subsequent checklists developed by Mr. Kuta were found to be "safe and acceptable" to petitioner. Petitioner asserts that the trial judge, therefore, concluded "that there would be no issue over checklists" were petitioner reinstated. Petition for Rehearing at 6. This reasoning clearly illustrates the misconceptions which have persisted throughout this lawsuit. The outcome of an age discrimination claim cannot hinge on whether a particular flight checklist is adopted by a corporation, unless that checklist, or its application, discriminates on the basis of age. There is no such evidence here. In our opinion, it is absolutely irrelevant that the petitioner find a particular checklist safe or unsafe; other-

wise, we would be in the business of forcing corporations to change policies for one individual who refuses to adhere to such policies for personal reasons. As noted above, there is also no evidence in this case that the checklist was applied in a discriminatory manner. Being neutral on its face and as applied, the checklist itself cannot form the basis of his age discrimination suit. We adhere to our original reasoning that the additional evidence in this case "does not suffice to support as a reasonable probability the inference that but for claimant's age he would not have been discharged." *Wilkins v. Eaton Corp., supra,* 790 F.2d at 523 (citing *Lovelace v. Sherwin-Williams Co.,* 681 F.2d 230, 243 (4th Cir.1982)).

Having previously considered all the arguments raised in the Petition for Rehearing, the petition is accordingly denied.