**Stewart SLUSHER, Plaintiff,**

v.

**ARLINGTON COUNTY, VIRGINIA, Defendant.**

**Civ. A. No. 87–0050–A.**

United States District Court, E.D. Virginia, Alexandria Division.

Nov. 23, 1987.

Susan L. Korfanty, Alexandria, Va., for plaintiff.

Peter H. Maier, Asst. Co. Atty., Arlington, Va., Scott S. Cairns, McGuire, Woods, Battle & Boothe, Richmond, Va., for defendant.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

### I. *Background*

This case came before the Court on the defendant's post-trial motion for judgment notwithstanding the verdict ("judgment n.o.v."), in an age discrimination case brought under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, *et seq.* The case was tried to a jury on the plaintiff's claims of age discrimination and retaliation committed by his employer, the defendant Arlington County.

The jury initially returned a verdict for the plaintiff in the amount of $1.00 damages, with a finding that the ADEA violation was willful. This Court refused to accept that verdict and re-submitted the issue to the jury, because the parties had stipulated the amount of any back-pay damages to be $886. The jury then returned its second verdict for the plaintiff, this time with damages in the amount of $886, but with a finding that the discrimination was not willful.

The defendant Arlington County now moves pursuant to Rule 50, Fed.R.Civ.P., for judgment n.o.v., or alternatively for a new trial, arguing that the plaintiff failed to establish a prima facie case of age discrimination or retaliation. Arlington further contends that, even if the plaintiff did make out a prima facie case, the evidence was legally insufficient to support an inference of an ADEA violation.

For the reasons stated below, this Court concludes that the plaintiff has failed to produce sufficient evidence from which a jury could properly infer age discrimination or retaliation. This Court therefore grants the defendant's motion for judgment n.o.v. and now enters judgment in favor of Arlington County.

### II. *The Governing Law*

#### A. *The Standard for Judgments N.O.V.*

In deciding a motion for judgment notwithstanding the verdict, the question for the Court is "whether there is evidence on which the jury could properly base a verdict." The Fourth Circuit has further defined the standard as follows:

> In determining whether the evidence is sufficient the court is not free to weigh the evidence or to pass on the credibility of witnesses or to substitute its judgment of the facts for that of the jury. Instead it must view the evidence most favorably to the party against whom the motion is made and give that party the benefit of all reasonable inferences from the evidence.

*Lynch v. Universal Life Church*, 775 F.2d 576, 580 (4th Cir.1985); *Whalen v. Roanoke County Bd. of Supervisors*, 769 F.2d 221, 224 (4th Cir.1985); *citing* 9 Wright & Miller, *Federal Practice and Procedure* § 2524, at 543–45 (1971).

In discrimination cases specifically, the Fourth Circuit has recognized "the danger that the jury will reach a decision on the basis of mere speculation, in light of the demonstrated difficulty in choosing ration-

ally between 'mere possibility' and 'substantial probability,' by impermissible but understandable resort to factors such as sympathy." *Foster v. Tandy Corp.*, 828 F.2d 1052, 1056 (4th Cir.1987). To guard against this danger, the Court of Appeals has noted that "the burden of producing rationally probative evidence—and the corresponding risk of nonproduction—is placed upon the claimants and subjected to the ultimate jury control devices of directed verdict and judgment n.o.v." *Lovelace v. Sherwin-Williams Co.*, 681 F.2d 230, 241–42 (4th Cir.1982); *Foster v. Tandy Corp.*, 828 F.2d at 1056.

Finally, "only evidence which shows the 'probability' and not mere 'possibility' of discriminatory motivation will allow jury consideration." *Foster v. Tandy Corp.*, 828 F.2d at 1056; *Lovelace*, 681 F.2d at 241–42. When the jury is deciding the issue of motivational cause, "the inferences it draws to reach its verdict must be reasonably probable; mere speculation is insufficient." *Hill v. BASF Wyandotte Corp.*, 782 F.2d 1212 (4th Cir.1986); *Austin v. Torrington Co.*, 810 F.2d 416, 420 (4th Cir.1987). With this standard of reasonable probability in mind, this Court next turns to the elements necessary for an ADEA case.

### B. *Proof of Age Discrimination*

In a suit under the ADEA, the plaintiff may establish his claim of discrimination by providing either direct evidence, or sufficient indirect evidence, of his employer's discriminatory motivation. *Ballinger v. N.C. Agricultural Extension Service*, 815 F.2d 1001, 1005 (4th Cir.1987); *Lovelace*, 681 F.2d at 239 (4th Cir.1982). The plaintiff Slusher has offered no direct evidence of improper motive, so the Court must look to other facts in reviewing this issue.

In the absence of such direct evidence, the plaintiff may establish a prima facie case through indirect or circumstantial evidence showing "(i) that he was at the time of demotion 'performing his job at a level that met his employer's legitimate expectations' and (ii) that following his demotion

his employer sought someone to perform the same work." *Lovelace*, 681 F.2d at 239 (citing *Loeb v. Textron, Inc.*, 600 F.2d 1003 (1st Cir.1979)). And because Slusher's claim also alleges retaliation, he must further prove that "a causal connection existed between the protected activity and the adverse action [here, his demotion]." *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985); *Smalley v. City of Eatonville*, 640 F.2d 765, 769 (5th Cir.1981).

Finally, the Supreme Court and courts of appeals have fashioned a scheme of shifting burdens of proof, which serves to sharpen and focus the issues in discrimination cases. *Lovelace*, 681 F.2d at 239–41. This scheme, announced by the Supreme Court in the context of Title VII cases, has since been adapted and applied to the circumstances of ADEA claims. *Spagnuolo v. Whirlpool Corp.*, 641 F.2d 1109, 1113 (4th Cir.1981); *Loeb v. Textron, Inc.*, 600 F.2d 1003 (1st Cir.1979) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).

The Supreme Court has most recently described this burden of proof arrangement as follows:

First, the plaintiff has the burden of proving by a preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection" ... Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). And this rule governing the order and burdens of proof applies to age discrimination claims arising under the ADEA. *See Ballinger*, 815 F.2d 1001, 1005–06 (4th Cir.1987); *Lovelace*, 681 F.2d at 239.

### III. *The Evidence*

█ Given the evidence introduced at trial, this Court must grant the defendant's motion for judgment n.o.v., on two grounds. First, Slusher failed to produce sufficient evidence to state a prima facie case of discrimination or retaliation. He did *not* show that he was performing the job satisfactorily and up to his employer's legitimate expectations. In fact, all the evidence showed quite the opposite. Neither did he prove that following his demotion, Arlington County sought someone else to perform the same work. Furthermore, as to the retaliation charge, Slusher wholly failed to prove that there was any causal connection between his prior grievances and EEOC complaints, and his ultimate demotion.

█ Second, even assuming *arguendo* that Slusher had made out a prima facie case, the undisputed facts still showed that Slusher was not qualified for and did not perform satisfactorily in his new promoted position. The facts also showed that this was the reason why Slusher was eventually demoted. Arlington County provided abundant and overwhelming evidence to support its "legitimate, nondiscriminatory reason" for demoting Slusher out of the supervisory position. And Slusher has not offered any probative evidence for suspecting this stated reason of being a mere pretext for discriminatory or retaliatory motives. For this reason as well, the record fails to support Slusher's verdict and judgment must be entered for Arlington County.

The County introduced extensive evidence, both documentary and testimonial, to show that Slusher's performance in the new supervisory position of Inspector IV was deficient. After Slusher had filed several grievances in 1984 and 1986, the Arlington County Civil Service Commission ordered that he be promoted. He was then promoted by the County to the level of Inspector IV, even though the EEOC had found that his claims of age discrimination were "not substantiated." Slusher had previously applied for this Inspector IV position, but the interview panel found that he was not the most qualified applicant.

As the defendant points out, Slusher's own testimony shows that his experience and qualifications did not fully satisfy the Inspector IV requirements.

For example, while he had been a Plans Examiner for some 12 years, he had not conducted field inspections. Further, because he skipped over the normal ranks leading to Inspector IV, he had not taken the generally required BOCA general building and fire inspection tests. And he failed to take these tests during his 18–month probationary period as an Inspector IV. Slusher also admitted that he had no recent supervisory or managerial experience, even though the Inspector IV job was a supervisory role.

Moreover, the testimony of Slusher's superiors and fellow co-workers revealed that he was deficient in his performance as an Inspector IV. His supervisor, Mr. Brown, testified that Slusher was not timely in his responses to inquiries, and that Slusher needed to improve his skills in communicating and managing his employees. This is borne out by a number of specific events proven at trial. Mr. Brown also testified that Slusher refused to take the required BOCA building and fire inspection tests, once in the Inspector IV position.

In addition, some five fellow employees of Slusher's—inspectors who worked with or for him in his new position—testified to a number of his failures as a supervisor. Their testimony shows that Slusher was not confident or comfortable in managing his inspectors or in dealing with the public. Slusher did not delegate his inspections often enough for him to play the role of team leader; instead, he often personally went on to conduct these site inspections himself. He failed to regularly check in with his inspectors on the status of their work, and he held only "one or two" team meetings in the course of 18 months. Several of his team members testified that he did not appear to be effectively in control of his inspection team. Nor did he give his employees specific directions on how to perform the inspections. Two of his employees summarized their testimony by stating

that, in their opinion, Slusher was not a satisfactory supervisor.

The written evaluations of Slusher's work also indicate his weaknesses in the new supervisory role. Over the course of Slusher's 18–month probationary service at the Inspector IV level, at least six written evaluations were prepared of his work. All of these contained criticisms, and most contained suggestions for improvement. The critical comments became increasingly negative over time. The comments in Slusher's official annual review of October 1986 show that Slusher was rated below standard in five of his seven key job elements. Mr. Hughes, the department head, formally rated Slusher's performance as unsatisfactory.

Still, his superiors apparently tried to work with Slusher to help him improve and succeed, because they decided to extend his probation for two periods of three months each, rather than demote him in October 1986. However, his next two evaluations likewise rated his performance as unsatisfactory, and the County finally demoted him on May 10, 1987.

All of this evidence, essentially undisputed by Slusher, demonstrated that Slusher's performance as an Inspector IV was deficient and inadequate in several important ways, namely: (1) Slusher's failure and refusal to take the mandatory BOCA inspection tests, which all other Inspector IVs were required to take; (2) his inability or unwillingness to fully supervise and manage his own team of inspectors; and (3) his inability to communicate effectively with others, especially with the public.

At trial, Slusher produced no direct evidence that the County made its decision to demote him on the basis of discriminatory or retaliatory motives. He was unable to refute the extensive evidence showing that he had failed to perform up to par in his new position. Nor was he able to show that the County's expectations of him were illegitimate or unjustified. Slusher provided only limited evidence (mostly his own opinion) that he did some things right while serving as an Inspector IV. He also produced evidence that his work in his previous position of Plans Examiner had been rated with approval. But this prior job performance had been in a non-supervisory position, and had been appraised over two years prior to Slusher's demotion from the Inspector IV level. To be of any relevance, such past work appraisals must be "reasonably close to the time of the challenged employer action." *Lovelace*, 681 F.2d at 244.

Slusher also asks this Court to consider the proximity in time between his numerous grievances and his failure to receive the promotions he had sought prior to becoming an Inspector IV. While this may be some circumstantial evidence, it nonetheless fails to contradict his employer's stated reason for demoting him—that he failed to perform satisfactorily as a supervisory Inspector IV. This stated reason for the demotion, legitimate and nondiscriminatory on its face, is supported by nearly all the evidence introduced on the issue. Because Slusher has not produced evidence which challenges this, he cannot prove (as he must) that he would not have been demoted solely on the basis of his unsatisfactory performance. For this reason alone, he cannot sustain the jury verdict in his favor.

In sum, the evidence introduced by Slusher to challenge the County's official reason for demoting him only goes to suggest a mere *possibility* of discrimination or retaliation. This is insufficient to support a jury verdict for the plaintiff. *See Foster v. Tandy Corp.*, 828 F.2d at 1056 (4th Cir. 1987). None of the evidence contradicts the conclusion that his work as an Inspector IV failed to satisfy the County's legitimate expectations.

As Arlington County points out, this case is remarkably similar on its facts and posture to the case of *Lovelace v. Sherwin–Williams Co.*, 681 F.2d 230 (4th Cir.1982). There the plaintiff challenged his demotion from a managerial position, alleging age discrimination in violation of ADEA. The employer defended the demotion on the ground that the plaintiff had performed poorly in the job. The trial court ordered a judgment for the defendant, notwithstand-

ing the verdict for the plaintiff, and the Fourth Circuit affirmed. In reviewing the evidence, the Fourth Circuit concluded that the plaintiff had been unable to show that his employer's explanation for demoting him was unsupported by the evidence or a mere pretext for improper motives:

> The essential facts underlying defendant's articulated reason—the critical record indicia of unchecked and steady decline in performance results for at least the final two years of claimant's tenure as store manager and his refusal, for whatever reason, during that critical period to admit or to take corrective action specifically suggested by his employer—were not essentially refuted despite the opportunity to do so by way of showing the reason based upon them to be pretextual. Claimant's evidence on this score consisted essentially of offering his own opinion that corrective action was not needed and of pointing to other favorable performance indicia, while not refuting the validity of the unfavorable indicia nor their manifestly greater significance in evaluating his most recent performance; to testifying that his employer's fault finding only commenced in the late stages of his tenure as store manager rather than demonstrating that no fault existed; and to the expression of his own opinion that his performance continued to meet reasonable expectations.
>
> Taken all together .., claimant's evidence did not suffice to allow a jury to infer that age discrimination was a determinative factor in this demotion. Though age discrimination is undoubtedly a *possibility* in any case of this kind, and though its easy concealment is a constant danger in attempts to vindicate this statutory right, a jury may nevertheless *not* be allowed to infer it from evidence that does no more than suggest it as a possibility.

*Lovelace*, 681 F.2d at 245 (emphasis supplied); *see also Wilkins v. Eaton Corp.*, 790 F.2d 515, 522 (6th Cir.1986), *reh. denied* 797 F.2d 342 (6th Cir.1986) (in ADEA case, reversing trial court's denial of j.n.o.v. for defendant).

In *Lovelace*, the plaintiff also argued that the stream of evaluations of his work represented a devious scheme deliberately contrived to "set up" his demotion. Slusher has made a similar argument here. In words uniquely appropriate for the instant case, the Fourth Circuit responded to the claim by stating:

> Again, this is always a possibility, but the leap of infererence required is simply too large to allow in logic and fairness. To accept it a jury would have to lay aside the unrefuted evidence that problems did exist and infer instead a deliberate scheme carried out carefully over a period of around two years, involving the extensive, venal efforts of several people and having as its final object only the demotion, not the outright dismissal, of a single employee at the end of this extended plot. Such a leap of inference could only be by rank speculation and not by any rational processes of inference.

*Lovelace*, 681 F.2d at 246.

In view of the lopsided evidence in this case on the issue of the employer's motivation for demoting Slusher, and in line with the Fourth Circuit's decision rendered on the highly similar facts of *Lovelace*, this Court is compelled to grant the judgment n.o.v. for the defendant Arlington County. Reading every permissible inference in Slusher's favor does not save him on the critical issue of his employer's motivation.

## IV. *The Defendant's Motion for New Trial*

■ As a final matter, in accordance with Rule 50(c), Fed.R.Civ.P., this Court must make a conditional ruling on the defendant's motion, in the alternative, for a new trial. For the reasons stated above, including especially Slusher's failure to introduce sufficient evidence of age discrimination or retaliation, this Court conditionally grants the defendant's alternative motion for a new trial. If the decision granting judgment n.o.v. is reversed on appeal or otherwise vacated, a new trial will thereafter proceed. Rule 50(c)(1).

The legal standard for determining whether to grant a motion for new trial is

much easier to satisfy than the more stringent standard governing judgments n.o.v. As the Fourth Circuit has defined it:

> The trial court can weigh evidence and assess credibility in deciding whether to grant a new trial ... The court should exercise its discretion to grant a new trial "whenever, in its judgment, this action is required in order to prevent injustice." This includes ordering a new trial when the jury verdict is contrary to the weight of the evidence.

*Whalen v. Roanoke County Bd. of Supervisors,* 769 F.2d 221, 226 (4th Cir.1985); *Wyatt v. Interstate and Ocean Transport Co.,* 623 F.2d 888, 891–92 (4th Cir.1980) (citations omitted).

As already elaborated, this Court finds on the record developed at trial that this jury verdict for the plaintiff is clearly "contrary to the weight of the evidence," and that leaving the verdict in place would result in a manifest injustice to the defendant. The evidence was simply insufficient, by any standard, to support an inference that Slusher was demoted for illegitimate and discriminatory reasons. *See Whalen,* 769 F.2d at 226; *Wyatt,* 454 F.Supp. 429, 433 (E.D.Va.1978), *rev'd on other grounds* 623 F.2d 888 (4th Cir.1980). Accordingly, this Court conditionally grants the alternative motion for a new trial.

An appropriate order will issue with this Memorandum Opinion.