Donald H. **FRIEZE**, Appellee,

v.

**BOATMEN'S BANK OF BELTON,** Appellant.

No. 91–1030.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1991.

Decided Dec. 2, 1991.

Robert B. Hoemeke, St. Louis, Mo., argued (John J. Moellering and Curtis C. Callow, St. Louis, Mo., on the brief), for appellant.

G. Edwin Proctor, Jr., Kansas City, Mo., argued, for appellee.

Before McMILLIAN, FAGG, and WOLLMAN, Circuit Judges.

FAGG, Circuit Judge.

Donald H. Frieze brought this action against Boatmen's Bank of Belton (Boatmen's) under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (1982 & Supp. III 1985). Boatmen's ap-

peals the district court's denial of its motion for judgment notwithstanding the verdict. We reverse.

We state the facts in the light most favorable to Frieze, who won the verdict. *See Caudill v. Farmland Indus.*, 919 F.2d 83, 86 (8th Cir.1990). Boatmen's corporate predecessor hired Frieze in October 1979 when Frieze was forty years old. During his employment with Boatmen's, Frieze primarily made and collected loans. Frieze advanced from making simple consumer loans to making more sophisticated commercial and real estate loans. Boatmen's always rated Frieze as either competent or superior on his performance evaluations. In May 1983 Frieze's supervisor in the loan department, Edwin Hartzler, was promoted to president of Boatmen's. Boatmen's hired Jerry Martin as senior vice-president to replace Hartzler as head of the loan department. Boatmen's made Frieze an assistant vice-president, but Frieze's duties did not change.

In November 1986 Martin told Frieze to prepare a stock appraisal for a loan file. Frieze had reviewed the customer's appraisal of the stock, but had not prepared his own appraisal. Angered by Martin's request, Frieze prepared the stock appraisal and signed it, "[P]ersonally by God looked up by me—D.H. Frieze." Later that month, Hartzler terminated Frieze's employment at Boatmen's. Hartzler told Frieze he was being discharged because of the defiant notation he made on the stock appraisal. Frieze admits making the notation was unprofessional.

Boatmen's did not hire another loan officer when it discharged Frieze. Martin and two other loan officers, Deborah Catron and John West, absorbed the work Frieze had performed. Martin was forty-four, Catron was thirty-one, and West was thirty-seven. Almost five months after Frieze was discharged, Martin resigned from Boatmen's to take a position at another bank. Boatmen's then promoted Catron to assistant vice-president and West to vice-president. In May 1987 Boatmen's hired John Dix Wellington as a management trainee. Wellington was twenty-four years old and had no banking experience. Well-

ington began working in the loan department in September 1987, but did not make his first loan until February 1988. Wellington did not begin making commercial and real estate loans until 1989, more than two years after Boatmen's discharged Frieze.

■ Frieze brought this action asserting Boatmen's stated reason for discharging him was a pretext and Boatmen's really fired him because of his age. The jury returned a verdict in favor of Frieze. In deciding whether Boatmen's is entitled to judgment notwithstanding the adverse jury verdict, we must consider the evidence in the light most favorable to Frieze, assume all conflicts in the evidence were resolved by the jury in Frieze's favor, assume Frieze proved all facts his evidence tends to prove, and give Frieze the benefit of all favorable inferences that may reasonably be drawn from the proven facts. *Caudill*, 919 F.2d at 86. A judgment notwithstanding the verdict "should be granted only when all the evidence points one way and is susceptible of no reasonable inferences sustaining [Frieze's] position." *Washburn v. Kansas City Life Ins. Co.*, 831 F.2d 1404, 1407 (8th Cir.1987); *see also Caudill*, 919 F.2d at 86.

Boatmen's claims a jury could not reasonably infer Frieze was discriminated against on the basis of age. We agree. In reaching this conclusion, we have considered the evidence favoring Frieze and uncontradicted evidence of Martin's departure and Wellington's arrival. *See Caudill*, 919 F.2d at 86. It is not our task to assess the soundness of Boatmen's decision to terminate Frieze. *See Wilkins v. Eaton Corp.*, 797 F.2d 342, 343 (6th Cir.1986). "[O]ur role is to ascertain whether the record contains evidence from which a reasonable [jury] could have concluded that age discrimination was a determining factor in [Frieze's] dismissal." *Brooks v. Monroe Sys. for Business, Inc.*, 873 F.2d 202, 204 (8th Cir.), *cert. denied*, 493 U.S. 853, 110 S.Ct. 154, 107 L.Ed.2d 112 (1989).

■ Frieze contends the absorption of his work by other members of the loan department creates a reasonable inference of age discrimination because some of the members were under forty. We disagree.

Employers often distribute a discharged employee's duties to other employees performing related work for legitimate reasons. Boatmen's distributing Frieze's work to other members of the loan department does not increase or decrease the likelihood that Boatmen's discharged Frieze because of his age. Frieze presented no evidence that his discharge was part of a pattern of Boatmen's discharging employees over forty and distributing their work to younger employees. *See Morgan v. Arkansas Gazette,* 897 F.2d 945, 950–51 (8th Cir.1990). Thus, the absorption of Frieze's work by other employees in Boatmen's loan department does not permit a reasonable inference of discrimination. Although Frieze is entitled to the benefit of all reasonable inferences, an inference is reasonable only if it can be drawn from the evidence without resort to speculation. *See Caudill,* 919 F.2d at 86.

Frieze also contends Boatmen's hiring Wellington creates a reasonable inference of age discrimination. We disagree. Boatmen's hired Wellington only after Martin resigned from the bank, nearly five months after Frieze was discharged. Given Wellington's total lack of banking experience and the time lag between Frieze's discharge and Wellington's emergence in the loan department as a loan officer, the jury could not reasonably infer Boatmen's hired Wellington to replace an experienced loan officer like Frieze. *See De Arteaga v. Pall Ultrafine Filtration Corp.,* 862 F.2d 940, 943 (1st Cir.1988). Thus, Boatmen's hiring Wellington does not create a reasonable inference of age discrimination. Similarly, Boatmen's promoting Catron and West does not create a reasonable inference of age discrimination because Catron and West were not promoted until Martin resigned from Boatmen's.

In an attempt to discredit Boatmen's stated reason for firing him, Frieze presented evidence showing Martin was not terminated when he made a loan without performing a stock appraisal. Frieze contends the difference between Boatmen's treatment of him and Boatmen's treatment of Martin shows Boatmen's stated reason for firing Frieze was a pretext, and thus, creates an inference of discrimination. Discrediting an employer's stated reason for discharging an employee can create an inference of age discrimination. *See MacDissi v. Valmont Indus.,* 856 F.2d 1054, 1059 (8th Cir.1988). Boatmen's stated reason for firing Frieze, however, was not Frieze's failure to perform a stock appraisal. Thus, evidence that Martin was not fired when he failed to perform a stock appraisal does not create an inference that Boatmen's discriminated against Frieze.

Frieze also contends Boatmen's rating Frieze as competent in its employee performance evaluations discredits Boatmen's stated reason for firing Frieze. An employer rating an employee as competent discredits the employer's stated reason for discharging the employee, however, only when the employer's stated reason is the employee's general incompetence. *See La Montagne v. American Convenience Prods.,* 750 F.2d 1405, 1414 (7th Cir.1984). Boatmen's stated reason for discharging Frieze was Frieze's insubordinate response to his superior's insistence on an in-house stock appraisal, not Frieze's incompetence. Thus, Boatmen's rating Frieze as competent does not give rise to an inference of discrimination.

Finally, Frieze contends comments made to him by Boatmen's employees create an inference of age discrimination. More than four years before Hartzler discharged Frieze, Hartzler told Frieze that Frieze had "waited too long ... to start [his] effort towards becoming president of a bank and [Frieze] would never make it." Hartzler made this comment during a general discussion with Frieze about their personal goals. Hartzler had not yet become president of Boatmen's. Martin and the bank's cashier also told Frieze that Frieze "was too old and ... had too little rank ... [to become] president of a bank." When Hartzler terminated Frieze, Hartzler suggested Frieze could not work within the bank's framework. Martin's and the cashier's comments do not create a reasonable inference of age discrimination because Martin and the cashier did not take part in the decision to discharge Frieze. *La Montagne,* 750 F.2d at 1412. Hartzler's state-

ment about Frieze's chances to become president of a bank does not create a reasonable inference of discrimination because Hartzler made this stray remark more than four years before he discharged Frieze. *See Guthrie v. Tifco Indus.*, 941 F.2d 374, 378–79 (5th Cir.1991). Similarly, Hartzler's statements about Frieze not being able to fit into the bank's framework are too vague to create a reasonable inference of age discrimination. *See id.*

In sum, we conclude the evidence in this case does not support the jury's verdict that Frieze was discharged because of his age. Accordingly, we reverse and remand to the district court to enter judgment notwithstanding the verdict in Boatmen's favor.