2 F.3d 1154
 62 Fair Empl.Prac.Cas. 1432
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
L.D. JONES; Ivan Pendergraft, Appellees,
v.
Bruce RUTHERFORD, County Judge for Benton County, Arkansas, Appellant.
 No. 92-3106.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 24, 1993.
Filed: August 4, 1993.
 
 Before McMILLIAN, WOLLMAN and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Bruce Rutherford appeals from the final judgment entered against him in the United States District Court[1] for the Western District of Arkansas upon a jury verdict for L.D. Jones in Jones's age discrimination action. See Age Discrimination in Employment Act (ADEA), 29 U.S.C. Secs. 621-634. For reversal, Rutherford argues there was insufficient evidence to support the jury verdict. We affirm.
 
 
 2
 L.D. Jones, age 60, and Ivan Pendergraft,[2] age 48, were employed by the Benton County Road Department when, on December 29, 1989, Bruce Rutherford, County Judge for Benton County, terminated their employment. Jones filed a timely charge with the Equal Employment Opportunity Commission (EEOC) alleging age discrimination. After receiving a right-to-sue letter, Jones filed this action claiming age discrimination. His pendent state contract and tort claims were dismissed during trial because Jones was an "at-will" employee. Jones's claims against the Benton County Road Department and Mike Prather were also dismissed during trial.
 
 
 3
 At the close of the evidence, the jury returned a verdict for Jones, and awarded him $32,225.22 in compensatory damages, but no liquidated damages. In addition, the district court awarded Jones reinstatement with all accrued benefits and attorney's fees. Rutherford moved for judgment as a matter of law or, alternatively, for a new trial. The district court denied the motions, concluding there was ample evidence presented at trial to support the jury verdict, that the verdict was not against the weight of the evidence, and that a miscarriage of justice did not occur.
 
 
 4
 On appeal Rutherford specifically argues Jones failed to prove that the stated reason for his termination was a mere pretext for his discharge on the basis of age because Jones offered no rebuttal testimony.
 
 
 5
 In deciding whether Rutherford is entitled to judgment as a matter of law, we must consider the evidence in the light most favorable to Jones, assume that all conflicts in the evidence were resolved by the jury in Jones's favor, assume Jones proved all facts his evidence tends to prove, and give Jones the benefit of all favorable inferences that may reasonably be drawn from the proven facts. See Frieze v. Boatmen's Bank, 950 F.2d 538, 540 (8th Cir. 1991).
 
 
 6
 The ultimate issue of fact in ADEA cases is whether the employer intentionally discriminated against the employee. United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 714-15 (1983). After a trial on the merits, we focus on the ultimate question presented and not on the adequacy of a party's showing at any particular stage of the analysis described in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Washburn v. Kansas City Life Ins. Co., 831 F.2d 1404, 1408 (8th Cir. 1987). A party is not required to present additional rebuttal testimony following the employer's showing of nondiscriminatory reasons for the termination. Id. The plaintiff's initial evidence, combined with effective cross-examination, may suffice to discredit the defendant's explanation. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 255 n.10 (1981).
 
 
 7
 Here, the jury concluded that the reasons offered by Rutherford were pretextual as to Jones and were discriminatory. We conclude that there was sufficient evidence to support the jury's verdict. Specifically, there was evidence that Jones was a good worker; he did not have a record of disciplinary actions against him; he was not advised of any negative comments about his work nor were there comments in his personnel file; he did not sleep on the job; he was removed from his dozer job and placed on patching crew for a longer time than other employees; Rutherford and his staff had made negative age-related comments towards employees; and a younger employee replaced Jones. Thus, the jury could reasonably have believed that age was a determining factor in Rutherford's decision to terminate Jones.
 
 
 8
 Accordingly the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas
 
 
 [2]
 The jury returned a verdict against Pendergraft. He does not appeal