**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOE LEFLORE,

   Plaintiff-Appellant,

v.

FLINT INDUSTRIES, INC.,
a Delaware Corporation,

   Defendant-Appellee.

No. 98-5024
(D.C. No. 97-CV-189-H)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **BARRETT** , and **MURPHY** , Circuit Judges.

   After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

*  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Following termination of his employment with defendant, Flint Industries, Inc., plaintiff Joe LeFlore brought this action against Flint alleging age discrimination, in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621-34, and the Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, §§ 1301, 1302, and intentional infliction of emotional distress. The district court granted summary judgment in Flint's favor on all counts. LeFlore appeals only the district court's rejection of his age discrimination claims. We reject LeFlore's invitation to review the district court's grant of summary judgment under a clearly erroneous standard, and instead, apply the usual de novo standard, using the same legal principles the district court employed pursuant to Fed. R. Civ. P. 56(c). *See Wolf v. Prudential Ins. Co.*, 50 F.3d 793, 796 (10th Cir. 1995).

The following facts are undisputed or, because he is the party opposing summary judgment, construed in LeFlore's favor. Flint provides construction and oilfield services worldwide through various subsidiaries. LeFlore began working for Flint in its aviation department in 1970 as an aircraft mechanic and eventually became chief of maintenance at Flint's Tulsa location. Around 1981, he began to act as copilot on some of Flint's flights, and he subsequently was given the title "Co-Pilot/Chief of Maintenance," which he retained throughout his employment with Flint.

During most of the time LeFlore worked for Flint, Flint had two jets: a Cessna Citation I and a Cessna Citation III. Early in 1995, Flint decided to sell the Citation I, and did so on February 15, 1995, for about $1,000,000. It also decided to reduce its pilot staff. At that time, its staff consisted of chief pilot David Doty (who was age forty-eight) and three other pilots--Dave Masterson (age thirty-nine), Sid Hilton (age thirty-four), and LeFlore (age sixty-one). By his own admission, LeFlore was working only ten percent of his time as a mechanic; the remainder was spent working as a copilot. On March 7, 1995, Flint terminated LeFlore and Hilton. Its reasons for selecting these two individuals for termination, as stated in defending this case, were that neither LeFlore nor Hilton had the 5,000 hours of air time necessary under internal company policy to fly the Citation III; that LeFlore was not certified by the FAA to fly the Citation III as pilot-in-command, as were the other three; and that LeFlore did not have an Airline Transport Pilot (ATP) rating from the FAA, which both Doty and Masterson had.

LeFlore subsequently brought this action for age discrimination on two separate bases. First, he contends that he was improperly terminated [1] in his capacity as chief of maintenance and was "replaced" by Joel Hawksworth, a

---

[1] LeFlore contends he was never "terminated" but only "laid off." He fails to explain, and we do not see, how this difference in terminology is relevant to his claims.

younger individual who had been hired as Flint's full-time mechanic eight months before LeFlore's termination. Second, he contends he was improperly terminated in his capacity as copilot because he was replaced by Todd Barnes, another younger individual hired as a copilot more than two years after LeFlore was terminated.

Because LeFlore presented no direct evidence of age discrimination, his case must proceed in accordance with the burden-shifting rules announced in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802-04 (1973). *See Ingels v. Thiokol Corp.*, 42 F.3d 616, 620-21 (10th Cir. 1994). To make his prima facie case, LeFlore must establish that he was (1) within the protected age group; (2) doing satisfactory work; (3) discharged despite the adequacy of his work; and (4) replaced by a younger person. *See id.* at 621. In reduction in force cases, which this case is in part, [2] the fourth element is altered to require the plaintiff to show that he was treated less favorably in the reduction in force than younger employees. *See id.* In addition, to satisfy his burden under the fourth element, LeFlore must show that he was "similarly situated" to the younger employees treated more favorably than he. *See, e.g.*, *Fairchild v. Forma Scientific, Inc.*, 147

---

[2] Although LeFlore argued in the district court that Hawksworth "replaced" him, despite Hawksworth's having been employed by Flint for eight months before LeFlore was terminated, the district court analyzed this part of his claim as falling in the reduction-in-force category. On appeal, LeFlore generally presents his arguments in that same vein.

F.3d 567, 571-72 (7th Cir. 1998); *Vega v. Kodak Caribbean, Ltd.*, 3 F.3d 476, 479 (1st Cir. 1993); *Branson v. Price River Coal Co.*, 853 F.2d 768, 771 (10th Cir. 1988) ("Evidence that an employer fired qualified older employees but retained younger ones in similar positions is sufficient to create a rebuttable presumption of discriminatory intent and to require the employer to articulate reasons for its decision."). [3] That requires that he show he was similarly situated to the younger employees "in all relevant respects." *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 353 (6th Cir. 1998).

Once the plaintiff makes his or her prima facie showing, the burden shifts to the defendant to a legitimate, nondiscriminatory reason for the plaintiff's termination. *See Ingels*, 42 F.3d at 621. If it does that, then the plaintiff must produce evidence that the proferred reason is pretextual and unworthy of belief. *See Doan v. Seagate Tech., Inc.*, 82 F.3d 974, 977 (10th Cir. 1996).

With respect to the claim regarding Hawksworth, the district court found that LeFlore made his prima facie case and that Flint articulated a legitimate

---

[3]    We note that in certain employment discrimination cases applying the *McDonnell Douglas* scheme, whether the employees being compared were similarly situated is analyzed as part of a plaintiff's showing of pretext rather than as part of the plaintiff's prima facie case. *See, e.g.*, *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1403-05 (10th Cir. 1997) (in Title VII case, noting similarly-situated issue as part of prima facie case, but discussing it under pretext); *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1324 (10th Cir. 1997) (addressing similarly-situated issue as part of pretext). Even if we addressed the issue as part of our analysis of pretext in the present case, the result would be the same.

reason for terminating him--because of its economic decision to sell one of the jets, it needed to reduce its pilot staff and chose to terminate him for the reasons stated earlier. The court then concluded that his attempt to show pretext--on the basis that he was more qualified as a mechanic than Hawksworth--failed because he did not present any evidence to support this position other than his own conclusory statements.

With respect to the claim regarding Barnes, the court indicated it was questionable whether LeFlore satisfied the fourth element of his prima facie case because Barnes was not hired until over two years after LeFlore was terminated, and Barnes' hiring was too attenuated for him to be considered to have replaced Leflore. The court then concluded that, assuming LeFlore made his prima facie case, he again failed to show that Flint's legitimate business reason for hiring another pilot--improving business increasing its need for pilots--was pretextual. The court rejected LeFlore's contention that it would have made better business sense to hire someone who was both a copilot and mechanic (Barnes was not a mechanic) on the basis that that was purely a business decision left to Flint's judgment, which a court cannot second-guess. It also found that at most, LeFlore was as qualified as a copilot as Barnes when Barnes was hired because at that time neither was qualified to fly the Citation III, although Barnes obtained the

necessary rating shortly after being hired.  In contrast, LeFlore had declined

Flint's offer to pay for him to obtain this rating during his employment.

On appeal, LeFlore reiterates his contentions that he was treated less

favorably than Hawksworth and replaced by Barnes.  Although we approach the

issues slightly differently from the way the district court did, we nonetheless

conclude it correctly granted summary judgment to Flint.      *See Bolden v. PRC,*

*Inc.*, 43 F.3d 545, 548 (10th Cir. 1994) (court of appeals may affirm grant of

summary judgment on any basis adequately supported by record).      [4]

Turning first to his claim as it regards Hawksworth, we conclude that

LeFlore did not make his prima facie case because he failed to establish the fourth

element--that he was treated less favorably than a younger, similarly situated

employee.  Hawksworth was a full-time mechanic.  LeFlore was primarily a

copilot; he spent no more than ten percent of his time as a mechanic.  The two

employees were therefore not similarly situated; that is, their positions were not

---

[4]     The district court held that the legal analysis applicable to LeFlore's claim under the Oklahoma anti-discrimination statute was the same as that for an ADEA claim, *see* Okla. Stat. tit. 25, § 1101, and granted summary judgment on the state claim for the same reasons as for the ADEA claim.  On appeal, LeFlore does not challenge the court's equation of the two claims.  Because this ruling is unchallenged and we agree summary judgment on the ADEA claim was appropriate, we conclude that summary judgment on the state claim was also appropriate.  In doing so, we assume, without deciding, that a private cause of action such as LeFlore alleged exists under Oklahoma law.      *Cf. List v. Anchor Paint Mfg. Co.* , 910 P.2d 1011 (Okla. 1996).

similar "in all relevant respects." *Ercegovich*, 154 F.3d at 353. Emphasizing his longtime service to Flint, what LeFlore really appears to be arguing is that Flint should have allowed him to "bump" Hawksworth from his mechanic's position. Giving LeFlore Hawksworth's job would be according special treatment to LeFlore. The ADEA does not require an employer to accord special treatment to older workers and bump junior employees; it requires only that older workers be treated fairly. *See Jones v. Unisys Corp.*, 54 F.3d 624, 630 n.6 (10th Cir. 1995); *EEOC v. Sperry Corp.*, 852 F.2d 503, 509 (10th Cir. 1988). LeFlore's claim regarding his position as a mechanic thus fails.

With respect to Barnes, the foundation of LeFlore's claim is that more than two years after he was terminated as a copilot, Flint was under some sort of duty to rehire him if, for whatever reason, it decided it needed an additional copilot. He cites no authority supporting this contention, and we conclude, as the district court suggested, that this period is too long for Barnes to be considered to have "replaced" LeFlore. *Cf. Watkins v. Sverdrup Tech., Inc.*, 153 F.3d 1308, 1312-13, 1316 (11th Cir. 1998) (new employee hired in similar position ten months after plaintiffs terminated did not replace plaintiffs); *Frieze v. Boatmen's Bank*, 950 F.2d 538, 540, 541 (8th Cir. 1991) (employee hired as management trainee five months after plaintiff's dismissal who could not perform plaintiff's work until more than two years later held not to have replaced plaintiff).

Further, even if we assume, as the district court did, LeFlore made a prima facie case regarding Barnes, his claim still fails. His contention that it would have been in Flint's "best interest" to hire a copilot who was also a mechanic does not demonstrate pretext. What is in Flint's best interest is a business decision, and we "will not second guess business decisions made by employers, in the absence of some evidence of impermissible motives." *Doan*, 82 F.3d at 978 (quotations omitted). Finally, we also note that, again, LeFlore has not shown that he and Barnes were similarly situated. Barnes was willing to and did obtain the necessary rating to fly the Citation III shortly after being hired. Though given the opportunity to while he was employed, LeFlore never did.

The judgment of the district court is AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge

-9-