# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1417

_____

Badralsadat Madani,                    *
                                       *
            Appellant,                 *
                                       *  Appeal from the United States
      v.                               *  District Court for the
                                       *  District of Nebraska.
University of Nebraska Board of        *
Regents, Acting by and through the     *       [UNPUBLISHED]
University of Nebraska Medical         *
Center,                                *
                                       *
            Appellee.                  *

_____

Submitted: November 20, 2000
     Filed:  November 28, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
     Judges.

_____

PER CURIAM.

Badralsadat Madani, M.D., an Iranian citizen, was placed on probation and then terminated from her position as a resident in the University of Nebraska Medical Center (UNMC) pediatric residency program. She filed suit against the University of Nebraska Board of Regents (Board) asserting sexual harassment, disparate treatment based on gender and national origin, and wrongful discharge based on her national origin and her rejection of advances by the director of the residency program. She

claimed violations of Title VII, the Nebraska Fair Employment Act, and Neb. Rev. Stat. § 20-148 (1997).

Dr. Madani now appeals the District Court's[1] adverse grant of summary judgment. For reversal, she argues that the District Court failed to construe the evidence most favorably to her, that she established a genuine issue concerning pretext, and that a mixed-motives analysis should have been applied because she submitted direct evidence of discrimination. Having carefully considered the record, and viewing the evidence in a light most favorable to Dr. Madani, see Lynn v. Deaconess Med. Ctr.-West Campus, 160 F.3d 484, 486-87 (8th Cir. 1998), we conclude that summary judgment was proper.

Dr. Madani is not entitled to a mixed-motives analysis for her gender and national-origin claims, because we cannot say that her proffered direct evidence—the program director's alleged statement (made at some unknown point in time during Dr. Madani's tenure at UNMC) that he would send Dr. Madani back where she came from if she was not nice—constituted a statement by an employer that reflected a discriminatory attitude or a discriminatory animus in the decisional process. See Kneibert v. Thomson Newspapers, Mich. Inc., 129 F.3d 444, 452 (8th Cir. 1997). Thus, application of the burden-shifting analysis under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973), was proper. See Euerle-Wehle v. United Parcel Serv., Inc., 181 F.3d 898, 900 (8th Cir. 1999) (finding McDonnell Douglas burden-shifting analysis applicable where there is no direct evidence of discrimination).

We also agree with the District Court that the discrimination claims do not survive the burden-shifting analysis, because Dr. Madani did not present evidence which, if proven at trial, would permit a jury to conclude that the Board's legitimate

[1]The Honorable William G. Cambridge, United States District Judge for the District of Nebraska, now retired.

non-discriminatory reason for the adverse employment decisions—Dr. Madani's inability to perform at the expected level—was pretextual. See Johnson v. Baptist Med. Ctr., 97 F.3d 1070, 1072 (8th Cir. 1996). Not only did she fail to identify any male resident who received the same ratings as she but was allowed to complete the program, but she conceded that she was unsure if male residents were treated differently; and although she testified as to a derogatory comment UNMC employees made about another Iranian doctor (they referred to him as a "black head") and as to what a friend had told her about UNMC's treatment of other Iranian doctors, this was insufficient to overcome the summary judgment motion. See id. at 1073 (holding that hearsay cannot defeat summary judgment); cf. Frieze v. Boatmen's Bank of Belton, 950 F.2d 538, 541-42 (8th Cir. 1991) (holding that statements by non-decisionmakers that employee was too old and had too little rank to become president did not create reasonable inference of age discrimination).

Summary judgment was also properly granted on Dr. Madani's quid-pro-quo sexual harassment claim for lack of a genuine issue as to whether submission to the program director's alleged advances was an express or implied condition for receiving job benefits, or whether her refusal to submit resulted in a tangible job detriment. See Cram v. Lamson & Sessions Co., 49 F.3d 466, 473 (8th Cir. 1995); Kneibert, 129 F.3d at 455 (requiring that party "must provide sufficient, probative evidence which would permit a fact finder to rule in his favor as opposed to engaging in ʿmere speculation, conjecture, or fantasy'" in order to survive summary judgment motion) (citation omitted).

Accordingly, we affirm. We clarify that the dismissal of Dr. Madani's pendent state-law claims was without prejudice. See Labickas v. Arkansas State Univ., 78 F.3d 333, 334-35 (8th Cir.) (per curiam), cert. denied, 519 U.S. 968 (1996).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.