**David W. KYPKE, Appellant,**

v.

**BURLINGTON NORTHERN
RAILROAD COMPANY,
Appellee.**

No. 90–5130.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 12, 1990.

Decided March 20, 1991.

Kenneth Griswold, St. Paul, Minn., for appellant.

Susan D. Thurmer, St. Paul, Minn., for appellee.

Before LAY, Chief Judge, HEANEY and FRIEDMAN,* Senior Circuit Judges.

FRIEDMAN, Senior Circuit Judge.

Appellant David W. Kypke (Kypke) appeals from the judgment of the United States District Court for the District of Minnesota (Doty, J.) granting the defendant-appellee's motion for summary judgment. The court concluded that Kypke failed to present sufficient evidence from which a reasonable jury could find that Kypke established a prima facie case of age discrimination under the Minnesota Human Rights Act (Minnesota Act), Minn. Stat. § 363.01, *et seq.* (1988). *Kypke v. Northern Burlington Railroad Co.,* No. 4–88–1015, slip op. (Feb. 12, 1990). We affirm.

I.

A. Kypke began working for the appellee Burlington Northern Railroad Company (Railroad) in 1967 and received his only promotion in 1968. In early 1987, when he was 48 years old, Kypke worked as a Property Development Specialist in the Railroad's Property Management Department (Department), Twin Cities Regional Office. Prior to 1987, the Department's regional offices handled the majority of the Railroad's real estate, lease management, and industrial development activities.

In late 1986, as part of a company-wide reorganization, the Railroad decided to consolidate all major property management functions (except industrial development, which was to remain with the Railroad) with similar functions already performed at its subsidiary, the Glacier Park Company (Glacier Park). The consolidation resulted in the duplication and eventual elimination of approximately 20 positions, and the transfer of all but nine "exempt" (non-union) positions within the Department to Glacier Park's regional office in Fort Worth, Texas. Of the 83 employees in the

---

* DANIEL M. FRIEDMAN, Senior Circuit Judge, of the United States Court of Appeals for the Federal Circuit, sitting by designation.

Department at the time, 61 received offers to continue their employment with the new Department under Glacier Park.

The Railroad did not offer Kypke a position with Glacier Park. Instead, in August 1987, it made his position "surplus," i.e., it abolished the position. Pursuant to merger-protection rights guaranteed under a company merger agreement, Kypke elected to continue employment with the Railroad in other positions. In January 1989, the Railroad reestablished the Department within its regional offices. Kypke is currently employed as an Industrial Development Specialist in the Department at a higher salary and with the same benefits he received when the Railroad abolished his position in August 1987.

B. Kypke filed in a Minnesota state court this age discrimination suit against the Railroad under the Minnesota Act, and the case was removed to the United States District Court for the District of Minnesota. Kypke alleged that since the 1987 reorganization, the Railroad has discriminated against him on the basis of his age in the manner it has used his services, in the jobs assigned to him, and in his pay and benefits. Kypke asserted that after he was removed from his job in 1987, the Railroad assigned him to various "dead-end jobs within the company" which "offered him virtually no possibility for promotion or bonus pay," and was given "work assignments which did not use his extensive property management training and experience."

In support of his claim that these were age-based decisions, Kypke cited several instances after 1987 where the Railroad allegedly (1) hired younger employees in positions for which he was qualified, (2) promoted younger and less-experienced employees, or (3) "surplused" older employees doing essentially the same work at various regional offices of the Railroad. Kypke also submitted the affidavit of an expert who, based on a statistical analysis of the Railroad's exempt work force (to which Kypke belonged) between 1980 and 1987, concluded that the Railroad "discriminated against older exempt employees through the intentional creation of a more youthful work force; using the occasion of a significant reduction in force, as its vehicle for that design."

Following limited discovery, the district court granted the Railroad's motion for summary judgment, concluding that Kypke failed to present sufficient evidence from which a reasonable jury could find that he established a prima facie case of age discrimination. The court noted that the Minnesota courts had applied the same standards under the Minnesota Act that the federal courts apply under federal anti-discrimination statutes. *Sigurdson v. Isanti County*, 386 N.W.2d 715, 719–20 (Minn.1986). The court stated that in "disparate treatment actions where there is no direct evidence of discrimination," one way a plaintiff could establish a prima facie case is to show:

(1) that he or she is within a protected age group, (2) that he or she met applicable job qualifications, (3) that despite these qualifications, he or she was discharged, and (4) that, after the discharge the position remained open and the employer continued to seek applications from persons with similar qualifications.

*Kypke v. Northern Burlington Railroad Co.*, No. 4–88–1015, slip op. at 4 (Feb. 12, 1990) (quoting *Holley v. Sanyo Mfg., Inc.*, 771 F.2d 1161, 1165 (8th Cir.1985)). The court noted further, however, that "[w]ith a reduction in work force present here, the Eighth Circuit Court of Appeals [in *Holley*] has required some additional showing of discrimination for a plaintiff to establish a prima facie case...." *Kypke*, slip op. at 4 (citation omitted).

The district court held that Kypke's "additional showing of discrimination" was inadequate to defeat the motion for summary judgment. The court characterized the statistical evidence as "unconvincing":

The statistical evidence relied on is for a period of time (1980–1987) not fully covering the time of the alleged discriminatory acts (1987–1989). More significantly, the evidence covering the last three years (1985–1987) actually demonstrated an *increase* in the average age of defendant's exempt employees.

*Id.* at 6 (citation omitted) (emphasis in original). The court also concluded that

> [Kypke]'s circumstantial evidence is also insufficient under *Holley.* "The fact alone that [plaintiff's] duties were assumed by a younger person—the fact of an age differential—itself is insufficient evidence to establish a prima facie case."

*Id.* (citing *Holley,* 771 F.2d at 1167). The court concluded that "no reasonable juror could find, even viewing the evidence in the light most favorable to plaintiff, that plaintiff's proffered statistical or circumstantial evidence satisfies plaintiff's burden as outlined in *Holley.*" *Kypke,* slip op. at 6.

### II.

Kypke argues that summary judgment was improper since genuine issues of material fact exist as to the elements of his prima facie case, including whether age was a factor in the Railroad's employment decisions. Kypke contends that he "need not prove a prima facie case to resist the motion, but [ ] only raise a genuine issue of material fact as to the mere existence of a prima facie case." We agree with the district court, however, that no reasonable jury could find that Mr. Kypke's evidence satisfies the tests set forth in *Holley.*

A. As the district court correctly noted, this court—applying a federal age discrimination statute—has held that, to establish a prima facie case in the context of a reduction-in-work force, a plaintiff must present "some additional showing" of discrimination, that is, he must " 'come forward with additional ... evidence that age was a factor ...' " in the challenged action. *Holley,* 771 F.2d at 1165–66 (footnote omitted) (quoting with approval *LaGrant v. Gulf & Western Mfg. Co.,* 748 F.2d 1087, 1090–91 (6th Cir.1984)). As we stated in *Holley,* a case involving a claim under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (1982):

> Such showing could be made ... by statistical evidence (as, for example, where a pattern of forced early retirement or failure to promote older employees can be shown) or circumstantial evidence (such as a demonstration of a preference for younger employees in the business organization).

*Holley,* 771 F.2d at 1166 (citation omitted). We noted that the "crucial statistical questions" must "focus on the effect of the reduction-in-force: do the statistics show that the layoffs and firings discriminated against older employees?" *Id.* at 1167. We also stated that "[t]he fact alone that [plaintiff]'s duties were assumed by a younger person—the fact of an age differential—itself is insufficient additional evidence to establish a prima facie case." *Id.* (citation omitted).

B. In order to survive the Railroad's motion for summary judgment, Kypke needed to present evidence sufficient to raise a genuine issue as to whether age was a factor in the Railroad's employment practices. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The cursory and conclusory allegations in Kypke's proffered evidence, however, did not do so.

Kypke offered circumstantial evidence that at the time of his "surplusing," other employees "doing essentially the same work" as himself in "various regional offices" were similarly "surplused" from their jobs and that these employees were "elderly workers within the meaning of the law" (ages 55, 57, 51 and 50). Kypke also offered evidence of several instances since the 1987 reorganization where the Railroad hired or promoted individuals to perform work that he was "fully qualified and trained to do" and that these employees were younger and less-experienced than himself.

As noted above, circumstantial evidence may satisfy the "additional showing" of discrimination required under *Holley.* Such evidence may relate to the plaintiff himself or to other employees of the defendant in general. *See, e.g., Estes v. Dick Smith Ford, Inc.,* 856 F.2d 1097, 1101 (8th Cir.1988) (evidence relating to plaintiff's position); *Holley,* 771 F.2d at 1166 (evidence of a preference for younger employees in the business organization). In either case, however, the evidence must relate to discrimination on the basis of age, and not to

the mere fact of an age differential. *Compare Holley*, 771 F.2d at 1167 ("[T]he fact of an age differential—itself is insufficient additional evidence to establish a prima facie case.") *with Estes*, 856 F.2d at 1101 (*Holley* requirement "clearly met" where plaintiff offered evidence that defendant fired two other employees because of age and that no other employee in plaintiff's position was over age of 42 since 1970).

Kypke's proffered circumstantial evidence failed to meet this standard. The evidence merely showed that (1) an age differential existed between himself and some employees hired or promoted by the Railroad to do work Kypke (allegedly) was qualified to perform, and (2) other older employees were similarly affected by the Railroad's reduction-in-work force. It does not indicate that other older employees were discriminated against on the basis of age or that the Railroad generally favored younger employees over older ones. Indeed, the record indicates that of the 31 employees in the Property Managment Department aged 50 or older, 21 received offers to remain with the Department in Glacier Park after the reorganization.

Kypke's statistical evidence was also insufficient to establish a prima facie case. Using the Railroad's employee data, Kypke's statistical expert calculated the mean age of the Railroad's total exempt work force for the years 1980 through 1987. The expert noted that the "mean age for the entire company exempt population dropped 1.77 years between 1980 and 1985; a highly significant drop for a major employer and quite against current demographic patterns." He concluded that the Railroad "discriminated against older exempt employees through the intentional creation of a more youthful work force; using the occasion of a significant reduction in force, as its vehicle for that design." The expert based his conclusion "not only upon the statistical pattern, but upon known demographic studies which show that the population and labor force nationwide are all aging."

We agree with the district court's conclusion that this statistical evidence would not have permitted a jury to find that age played a part in the Railroad's employment decisions. The numbers actually contradicted Kypke's theory.

While the statistics show the average employee was 1.77 years younger in 1985 than in 1980 (42.21 versus 43.98 years), whether there was a drop in the average employee age depended on which years were compared. Kypke's own statistics indicate that the mean employee age was slightly higher in 1985 than in 1981 (42.21 versus 41.82 years). Furthermore, as the district court noted, there has been an increase in the average age for the years 1985–1987. Such statistics are a far cry from the type of showing required under *Holley*, e.g., a pattern of forced early retirement or failure to promote older employees.

Since Kypke's evidence was insufficient as a matter of law to establish a prima facie case, it did not raise a genuine issue of fact concerning the critical element of that case, i.e., whether age was a factor in the Railroad's employment decisions. We agree with the district court that no reasonable juror could have found on the basis of this evidence that Kypke carried his additional burden under *Holley*.

The judgment of the district court is affirmed.