**Barbara McLAUGHLIN,**
**Plaintiff–Appellant,**

v.

**ESSELTE PENDAFLEX**
**CORPORATION, Defendant–Appellee.**

No. 94–2984.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 10, 1995.

Decided March 13, 1995.

508

Clyde E. Craig, St. Louis, MO, argued for appellant.

Michael P. Casey, St. Louis, MO, argued for appellee (Gary M. Smith, on brief).

* The HONORABLE HUBERT L. WILL, Senior United States District Judge for the Northern District of Illinois, Eastern Division, sitting by designation.

Before HANSEN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WILL,* Senior District Judge.

WILL, Senior District Judge.

Barbara McLaughlin brought suit against Esselte Pendaflex Corporation ("Pendaflex") alleging gender discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–2(a), the Missouri Human Rights Act, Mo.Rev.Stat. § 213.010 et seq., and the Equal Pay Act, 29 U.S.C. § 206(d)(1). The District Court granted Pendaflex's motion for summary judgment on the basis that McLaughlin failed to state a prima facie case of discrimination with respect to her claims. McLaughlin appeals. We affirm.

## I. BACKGROUND

Pendaflex is in the business of manufacturing filing supplies and products. McLaughlin has been employed by Pendaflex at its Union, Missouri plant since February 22, 1982. She contends that Pendaflex violated Title VII, the Missouri Human Rights Act, and the Equal Pay Act when it reorganized the plant and reassigned her from Parts Clerk (Maintenance Buyer/Store Attendant) in the maintenance department to Material Transaction Clerk in a different department. As a result, McLaughlin now works the night shift and is no longer entitled to curtailment days. Otherwise, she receives the same compensation now as she did prior to her reassignment. Pendaflex argues that the reassignment was part of an overall down-sizing and reorganization of the plant caused by decreased sales. McLaughlin argues only that the implementation of the reorganization plan was discriminatory; she does not contend that the decision to restructure was based on discriminatory motives.

Reorganization and down-sizing of the Pendaflex plant began in 1992. During that year, sixty hourly position were eliminated as were a number of salaried positions. Overall, the workforce was reduced by 33%. As part of this reorganization, Pendaflex eliminated and consolidated various positions.

McLaughlin's position of Parts Clerk was eliminated. Additionally, the Maintenance Supervisor position, held by McLaughlin's supervisor Carl Gumpenberger, was also eliminated. A new position, Maintenance Coordinator, was established. This new position, currently held by Gumpenberger, combines tasks previously performed by McLaughlin as Parts Clerk and tasks previously performed by Gumpenberger as Maintenance Supervisor. Steve Stump's position as Project Engineer was also eliminated. Stump was assigned to the newly created position of Maintenance Engineer, which is a combination of some of his former duties and some of Gumpenberger's former duties. Furthermore, two Equipment and Process Technician positions, both held by males, were eliminated.

## II. DISCUSSION

The District Court's grant of summary judgment in favor of Pendaflex is reviewed de novo applying the same standards as the District Court. *Sargent Construction Co. v. State Auto Ins. Co.*, 23 F.3d 1324, 1326 (8th Cir.1994). "We will affirm the grant of a summary judgment motion if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Bashara v. Black Hills Corp.*, 26 F.3d 820, 823 (8th Cir.1994). There is no genuine issue of material fact if the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). This Court determines whether there is a genuine issue of material fact based upon the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits. Fed. R.Civ.P. 56(c). Reliance on "mere pleadings" will not suffice to discharge the non-movant's burden. Fed.R.Civ.P. 56(c) & (e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249, 106

S.Ct. at 2511. Furthermore, Rule 56(c) requires

> entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552.

Title VII claims are evaluated under the "burden shifting" analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). This framework is also appropriate for evaluating claims under the Missouri Human Rights Act. *Midstate Oil Co. v. Missouri Comm'n on Human Rights*, 679 S.W.2d 842, 845–46 (Mo.1984) (en banc). In a Title VII action, the plaintiff carries the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824. "The burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Id.* If the employer articulates a legitimate reason for the employee's rejection, the burden then shifts back to the employee to show that the employer's justification is a pretext. *Id.*

### A. Title VII & the Missouri Human Rights Act

The following elements will establish a prima facie case of discrimination under Title VII: (1) plaintiff is a member of a protected class; (2) plaintiff met applicable job qualifications; and (3) despite qualifications, plaintiff was displaced. In addition, the plaintiff must also demonstrate that the adverse employment decision occurred in " 'circumstances which allow the court to infer unlawful discrimination.' " *Davenport v.*

*Riverview Gardens School,* 30 F.3d 940, 944 (8th Cir.1994) (quoting *Craik v. Minnesota State Univ. Bd.,* 731 F.2d 465, 469 (8th Cir. 1984)).

■ The moving party, Pendaflex, has met its initial burden of showing that there is a lack of evidence to support McLaughlin's case. Therefore, McLaughlin may not rely upon her pleadings but must set forth specific facts to demonstrate that she has met her burden of establishing a prima facie case. *See Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. McLaughlin is a female and Gumpenberger, a male, now performs what McLaughlin contends is the Parts Clerk position that she formerly held. Therefore, at issue is whether McLaughlin can meet the requirements with respect to the second, third, and fourth elements of the prima facie case—*i.e.,* that she was qualified for the position now held by Gumpenberger and despite her qualifications she was reassigned because she is female.

McLaughlin contends that her former position as Parts Clerk was not eliminated but renamed Maintenance Coordinator and is currently held by Gumpenberger. Pendaflex concedes that Gumpenberger, in the position of Maintenance Coordinator, is performing the tasks that McLaughlin formerly performed. However, the Maintenance Coordinator is also responsible for supervising the two machinists who work in the Die Shop, assisting in supervision of the Machine Shop, developing and monitoring a budget of approximately $425,000 per year, properly handling hazardous waste, and developing technical improvements such as increasing die life. Furthermore, McLaughlin concedes that Gumpenberger continues to perform some of the supervisory duties he performed prior to reorganization. Therefore, the Maintenance Coordinator position requires Gumpenberger to perform significantly different responsibilities from those McLaughlin performed as Parts Clerk.

McLaughlin fails to establish that she is qualified for this new Maintenance Coordinator position currently held by Gumpenberger. There is great disparity between McLaughlin's level of experience and Gumpenberger's level of experience. As Parts Clerk, McLaughlin's duties included providing parts to employees from the storeroom, ordering parts requisitioned by employees, and counting parts in inventory. In addition, she had authority to make purchases up to $250. Prior to that she performed clerical duties. Prior to reorganization Gumpenberger supervised McLaughlin and approximately eleven technicians. In his former position as Maintenance Supervisor, Gumpenberger was responsible for the maintenance of all equipment in the plant. He also had supervisory duties over the machinists in the die shop and the machine shop. He assisted with development of the maintenance department budget and was responsible for ensuring that the maintenance department remained within its budget. Furthermore, Gumpenberger's twenty-nine year plus employment history includes a significant amount of managerial, mechanical, and supervisory experience. The position of Maintenance Coordinator requires supervisory, mechanical, and administrative skills Gumpenberger possesses and McLaughlin lacks. Therefore, McLaughlin has failed to establish that she was denied a position for which she was qualified. As a result, she fails to establish the second and third elements of the prima facie case.

■ Furthermore, McLaughlin also fails to demonstrate that her reassignment occurred under circumstances that would allow the Court to infer that it was motivated by gender discrimination. If her treatment was "so different from what could be expected" it may give rise to an inference of gender discrimination. *Greiner v. City of Champlin,* 27 F.3d 1346, 1356 (8th Cir.1994). McLaughlin may offer either direct, circumstantial, or statistical evidence to support her claim. *Bashara,* 26 F.3d at 825. However, "cursory and conclusory allegations ... are insufficient." *Id.* (citing *Kypke v. Burlington Northern Railroad Company,* 928 F.2d 285, 287 (8th Cir.1991)).

■ Although Title VII tolerates no discrimination whether subtle or otherwise, this circuit has also acknowledged that employers have wide latitude to make business deci-

sions. "[A]n employer has the right to ... assign work, to change an employee's duties, to refuse to assign a particular job, and to discharge—for good reason, bad reason, or no reason at all, absent intentional ... discrimination." *Walker v. AT & T Phone Ctr., Inc.,* 995 F.2d 846, 849–50 (8th Cir.1993); *Neufeld v. Searle Laboratories,* 884 F.2d 335, 340 (8th Cir.1989) (recognizing that "courts have no business telling [companies] how to make personnel decisions, which may be objectively or subjectively based"); *Smith v. Monsanto Chem. Co.,* 770 F.2d 719, 723 n. 3 (8th Cir.1985) (recognizing that an employer may develop arbitrary, ridiculous and even irrational policies as long as they are applied in a nondiscriminatory manner), *cert. denied,* 475 U.S. 1050, 106 S.Ct. 1273, 89 L.Ed.2d 581 (1986). Furthermore, the Supreme Court has stated that "the fact that a court may think that the employer misjudged the qualifications of the applicants does not in itself expose [the employer] to Title VII liability...." *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 259, 101 S.Ct. 1089, 1097, 67 L.Ed.2d 207 (1981). It is not sufficient for McLaughlin to raise an issue regarding whether it was a wise decision to transfer her. She meets her burden only if she can present evidence that would allow a reasonable jury to conclude that the decision was based on her gender. This McLaughlin fails to do.

As evidence of discrimination, McLaughlin refers to statements allegedly made by Gumpenberger, who was her supervisor at the time the statements were made. She contends that shortly after learning of her reassignment she remarked to Gumpenberger that she thought her reassignment was because she was a woman, and Gumpenberger allegedly responded, "Yes, I believe that's right." McLaughlin Dep. at 89–90. Gumpenberger indicated that he did not recall the conversation. Gumpenberger Dep. at 23. For purposes of summary judgment, we resolve this in favor of McLaughlin.

■■■ McLaughlin contends that discriminatory statements made by supervisors may be evidence of discriminatory intent. However, all of the cases McLaughlin relies on involved statements made by persons involved in the decision-making process. *See, e.g., Stacks v. Southwestern Bell Yellow Pages, Inc.,* 27 F.3d 1316, 1323 (1994); *Beshears v. Asbill,* 930 F.2d 1348, 1354 (8th Cir. 1991); *Gray v. University of Ark.,* 883 F.2d 1394, 1398 (8th Cir.1989); *Easley v. Empire Inc.,* 757 F.2d 923, 930 n. 7 (8th Cir.1985). Statements made by employees not involved in the decision to relocate McLaughlin do not give rise to a reasonable inference of discrimination, *see Frieze v. Boatmen's Bank of Belton,* 950 F.2d 538, 541 (8th Cir.1991), nor does the "functional equivalent of a stray remark." *Bashara,* 26 F.3d at 824. Although Gumpenberger was informed of Pendaflex's decision to transfer McLaughlin out of the maintenance department, he did not take part in the decision-making process to eliminate the Parts Clerk position or transfer McLaughlin. Furthermore, McLaughlin acknowledges that Gumpenberger opposed her transfer out of his department. For these reasons, this remark is insufficient to infer discriminatory animus.

■■■ McLaughlin also alleges that the decision to transfer her despite Gumpenberger's objection is evidence of Pendaflex favoring male employees over her. Apparently she believes that, because the Project Engineer position Stump formerly held was eliminated, Stump should have been dismissed and she should have retained her previous position. However, McLaughlin fails to provide evidence that Pendaflex based this decision on gender rather than legitimate business considerations. The newly created Maintenance Engineer position, which Stump currently holds, combines some of Stump's previous duties as Project Engineer and some of the duties previously performed by Gumpenberger. For example, Stump is responsible for supervising the maintenance technicians, improvements, and upgrading plant equipment and performance. He has a master's degree in business administration and a mechanical engineering degree. Other than the alleged remark by Gumpenberger, McLaughlin offers no evidence from which it can be inferred that Pendaflex based this decision on gender rather than legitimate business interests. And stray remarks in the workplace, such as this statement, do not rise

to the level necessary to create an inference of discriminatory intent. *See Bashara,* 26 F.3d at 824; *Frieze,* 950 F.2d at 541.

Finally, McLaughlin presents statistics that she contends show a pattern of discrimination. However, the fact that Pendaflex employs more males than females is insufficient to support this inference. McLaughlin does not present any evidence to show that this purported underselection is the result of discriminatory hiring practices. "The crucial statistical questions, however, must focus on the effect of the reduction-in-force: do the statistics show that the layoffs and firings discriminated against [a protected class of] employees." *Holley v. Sanyo Manufacturing, Inc.,* 771 F.2d 1161, 1167 (8th Cir.1985). In this case the statistics clearly do not support McLaughlin's contention. It is uncontested that Pendaflex underwent a plant-wide reorganization. As part of that reorganization many employees were laid off or discharged, including two males in McLaughlin's former department. McLaughlin, however, was offered her choice between two positions and continues to receive the same salary she did prior to reorganization. It is reasonable that a company faced with a reduction in force would attempt to shift its employees around to adjust to the situation.

Considered as a whole and in the light most favorable to McLaughlin, the evidence is insufficient for a reasonable jury to conclude that McLaughlin was denied a position for which she was qualified on the basis of impermissible gender discrimination. McLaughlin fails to establish that she was denied a position for which she was qualified. Moreover, she fails to establish that her reassignment was motivated by gender discrimination rather than legitimate business reasons. Therefore, she has not made out a prima facie case of gender discrimination. And although McLaughlin raises additional arguments, after full consideration we find them without merit and do not discuss them here. For these reasons, we hold that the District Court properly granted Pendaflex's motion for summary judgment on this issue.

### B. Equal Pay

With respect to the Equal Pay claim, Pendaflex has met its initial burden under summary judgment and demonstrated that there is a lack of evidence to support McLaughlin's case. Therefore, McLaughlin may not rely upon her pleadings but must set forth specific facts to demonstrate that she has met her burden of establishing a prima facie case. *See Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. To establish a prima facie case of discrimination based upon unequal pay, McLaughlin must show that Pendaflex paid male workers more than she was paid for equal work in jobs that required equal skill, effort, and responsibility and were performed under similar conditions. Equal Pay Act, 29 U.S.C. § 206(d).

> Whether two jobs entail equal skill, equal effort, or equal responsibility requires practical judgment on the basis of all the facts and circumstances of a particular case. Skill includes such considerations as experience, training, education, and ability. Effort refers to the physical or mental exertion necessary to the performance of a job. Responsibility concerns the degree of accountability required in performing a job.

*Krenik v. County of LeSuer,* 47 F.3d 953, 960 (8th Cir.) (citing *E.E.O.C. v. Universal Underwriters Ins. Co.,* 653 F.2d 1243, 1245 (8th Cir.1981)). McLaughlin has the burden of establishing that the positions involve equal work. *Corning Glass Works v. Brennan,* 417 U.S. 188, 195, 94 S.Ct. 2223, 2228, 41 L.Ed.2d 1 (1974). If McLaughlin establishes a prima facie case, the burden then shifts to Pendaflex to prove that the pay differential is based on a factor other than sex. *Id.* at 196–97, 94 S.Ct. at 2229.

McLaughlin compares her level of compensation only with that received by Gumpenberger; she does not compare her compensation with that of males holding positions similar to her own. As previously discussed, McLaughlin's former job duties have been redistributed to the Maintenance Coordinator position currently held by Gumpenberger. McLaughlin concedes that Gumpenberger is performing tasks in addition to

those she performed as Parts Clerk. Therefore, she cannot claim that the Maintenance Coordinator position is the same as her former Parts Clerk position. Gumpenberger has supervisory and equipment maintenance responsibilities. McLaughlin does not dispute that she is not qualified to perform these maintenance tasks nor does she contend that she has supervisory experience. Therefore, any pay differential between the Parts Clerk position and the Maintenance Coordinator position is justified based on differing responsibilities and is not attributable to gender discrimination. Because McLaughlin failed to establish a prima facie case, we hold that the District Court properly granted Pendaflex's motion for summary judgment on this issue.

## III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the District Court.