_____

No. 95-2001
_____

Monte C. Ruby,                      *
                                    *
          Appellant,                *
                                    *  Appeal from the United States
     v.                             *  District Court for the
                                    *  Western District of Missouri.
Springfield R-12 Public School      *
District,                           *
                                    *
          Appellee.                 *

_____

          Submitted:  December 14, 1995

          Filed:  February 16, 1996
_____

Before MAGILL, BRIGHT, and MURPHY, Circuit Judges.

_____

MAGILL, Circuit Judge.


     Monte Ruby appeals the district court's[1] grant of summary
judgment to his former employer, Missouri's Springfield R-12 Public
School District (Springfield), in Ruby's Title VII employment
discrimination suit.  Because Ruby failed to show that
Springfield's legitimate, nondiscriminatory reasons for its adverse
employment actions against him were pretextual, we affirm the
district court's grant of summary judgment.


**I.**


     Springfield employed Ruby, an African-American, as a public

_____

[1]The Honorable Russell G. Clark, United States District Judge
for the Western District of Missouri.

safety officer from August 2, 1976 until March 15, 1993.  Ruby alleges that Springfield took three adverse actions against him during his last year of employment because of his race and in retaliation for his filing charges of discrimination.  First, Springfield sent a white employee to a seminar on gang problems in April 1992, although Ruby had requested to attend.  Springfield claims that it made this decision because it could afford to send only one employee to the seminar, due to the elimination of its $38,000 travel budget, and the seminar was more directly related to the other employee's job duties.[2]  Springfield further showed that it had denied a white employee the opportunity to attend a seminar due to lack of funds, and that Ruby was offered an opportunity later in the year to attend a seminar on satanism, but he declined to attend.  Second, Springfield suspended Ruby on September 30, 1992, for three days without pay for making sarcastic comments directed at a white female co-worker, and for glaring hostilely at her,[3] which violated Springfield's policy of maintaining a work environment free from harassment.  Third, Springfield terminated Ruby on March 15, 1993, for filing false mileage reimbursement reports for work-related travel, which Springfield had confirmed by monitoring buildings that Ruby claimed to have visited, but had not.[4]

---

[2]Don Deckard, the white employee who attended the conference, was Springfield's liaison to the Greene County Juvenile Office.

[3]The co-worker complained that Ruby "gave her an intense, menacing stare, reminiscent of the 'stare down prevalent among gang members which often results in violence.'"  Appellee's Br. at 4. We reject Ruby's contention that this statement, on its face, demonstrates racial animus.

[4]Springfield contends that during a meeting regarding his mileage reimbursement reports, Ruby changed his story four times, and admitted lying to Springfield.  While Ruby denies that he made such admissions, and we accept his version of the meeting for purposes of summary judgment, Ruby acknowledged that Springfield "asked me about how many times I would like be in the building, and I gave a response, and I later changed that to maybe half the time . . . ."  Ruby Dep., Appellant's App. at 73.  These inconsistencies

After filing a series of complaints with the Equal Employment Opportunity Commission (EEOC),[5] Ruby brought two suits in district court against Springfield under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-5, and the Civil Rights Act of 1866, 42 U.S.C. § 1981, alleging employment discrimination and retaliation, which were consolidated by the district court. The district court granted Springfield's summary judgment motion, concluding that, even if Ruby had made a prima facie case of discrimination, Springfield had provided nondiscriminatory reasons for its adverse actions against Ruby, and that Ruby had failed to come forward with any evidence to support a finding that Springfield's reasons were pretextual.[6]

**II.**

We review a grant of summary judgment de novo. <u>Tindle v. Caudell</u>, 56 F.3d 966, 969 (8th Cir. 1995). A grant of summary judgment is proper if, taking all facts and reasonable inferences from facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. <u>Id.</u>; <u>see</u> Fed. R. Civ. P.

---

lend no support to Ruby's claim that Springfield did not terminate him for dishonesty.

[5]Ruby filed complaints with the EEOC in June 1992, October 1992, and March 1993 regarding the denial of his request to attend a seminar, his suspension, and his termination.

[6]In his opposition to summary judgment and accompanying affidavit, Ruby asserted that Springfield's statement of undisputed facts in its summary judgment motion was not accurate, but he failed to provide "a concise listing of material facts as to which the party contends a genuine issue exists," W.D. Mo. Local Rule 13(g), or adequate references to the record, <u>id.</u> Ruby's mere allegations that issues remained in dispute, <u>see</u> Appellant's App. at 101-13, were insufficient to meet the requirements of Local Rule 13(g), <u>see</u> <u>Lidge-Myrtil v. Deere & Co.</u>, 857 F. Supp. 666, 668 (W.D. Mo. 1994), <u>aff'd</u>, 49 F.3d 1308 (8th Cir. 1995), and he is deemed to have admitted all facts which were not specifically controverted. <u>See</u> W.D. Mo. Local Rule 13(g).

56(c).  While a defendant who moves for summary judgment has the burden of showing that there is no genuine issue of fact for trial, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986), a nonmoving party may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial.  Tindle, 56 F.3d at 969 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).

Ruby's racial discrimination claims are analyzed under the framework of McDonnell Douglas v. Green, 411 U.S. 792 (1973).  A plaintiff must present a prima facie case of racial discrimination: that he was a member of a protected class, that he was qualified for the position, and that despite his qualification he was displaced from the position.  See McLaughlin v. Esselte Pendaflex Corp., 50 F.3d 507, 510 (8th Cir. 1995) (applying McDonnell Douglas).  The defendant may rebut plaintiff's prima facie case by demonstrating a legitimate, nondiscriminatory reason for adverse action against plaintiff.  Id.  Finally, plaintiff may prove that defendant's proffered reasons are a pretext for illegal discrimination.  Id.  Ruby's retaliation claims are also analyzed under this shifting burden framework; see Womack v. Munson, 619 F.2d 1292, 1296 (8th Cir. 1980), cert. denied, 450 U.S. 979 (1981).

Assuming that Ruby presented a prima facie case for racial discrimination and retaliation, Springfield has presented legitimate, nondiscriminatory and nonretaliatory reasons for all of its adverse employment actions against him: that Ruby was not the most qualified person to attend a seminar, that he harassed a co-worker, and that he submitted false mileage reimbursement reports.  Ruby argues that, because the district court did not specifically state that Springfield's nondiscriminatory reasons were also "legitimate," it applied the wrong standard at this stage of the McDonnell Douglas analysis.  This argument is meritless.  At the second stage of the analysis, Springfield had the burden of presenting legitimate, that is, nondiscriminatory, reasons for its

-4-

adverse actions. In doing so, it rebutted the presumption of discrimination raised by Ruby's prima facie case. Ruby then had the burden of presenting evidence to the district court which could support a finding that Springfield's reasons were pretextual. We remind Ruby that he, as plaintiff, had the burden of proving that Springfield illegally discriminated against him. See St. Mary's Honor Center v. Hicks, 113 S. Ct. 2742, 2747-48 (1993). Ruby simply failed to meet this burden.[7]

Ruby also alleged that Dennis Lewis and Glenn Pace, supervisory employees of Springfield's, called Ruby "boy," and that Lewis allegedly complained about the NAACP, stated that African-Americans commit more crimes than whites, and, referring to Ruby's clothes, joked that Ruby was "dressed as if he's going to a karate tournament." Ruby Dep., Appellant's App. at 51. The district court construed these allegations as a claim for a racially hostile workplace, and concluded that Ruby had not exhausted his administrative remedies by failing to bring this claim before the EEOC; see Satz v. ITT Fin. Corp., 619 F.2d 738, 741 (8th Cir. 1980) (exhaustion of administrative remedies). Ruby now argues that the district court erred in refusing to consider these allegations because they were not a separate claim, but rather were evidence to support a finding of pretext and discriminatory intent. Our de novo review of these allegations solely as evidence of pretext, however, convinces us that any error by the district court was harmless. While, under certain circumstances, "discriminatory statements made by supervisors may be evidence of discriminatory intent," McLaughlin, 50 F.3d at 512, we conclude that no reasonable fact finder could, merely on these comments, find that

---

[7]We note that "our inquiry is limited to whether the employer gave an honest explanation of its behavior," Krenik v. County of LeSueur, 47 F.3d 953, 960 (8th Cir. 1995) (quotations omitted), rather than to weigh the wisdom of any particular employment decision; Title VII does not authorize federal courts to "sit as a super-personnel department that reexamines an entity's business decisions." Id. (quotations omitted).

Springfield's reasons for adverse action were pretextual for discrimination. See Kinkead v. Southwestern Bell Tel. Co., 49 F.3d 454, 457 (8th Cir. 1995). The district court properly granted summary judgment to Springfield on all of Ruby's claims.[8]

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[8]Ruby also argues that the affidavits used by Springfield to support its summary judgment motion are conclusory and do not otherwise meet the requirements of Federal Rule of Civil Procedure 56(e), and that various documents submitted had inadequate foundation or contained hearsay. Ruby failed to make these objections before the district court, and we will review only for plain error. See Williams v. Evangelical Retirement Homes, 594 F.2d 701, 703 (8th Cir. 1979) (per curiam) ("The general rule is that defects in the form of the affidavits are waived if not objected to at the trial court level. Absent a motion to strike or other timely objection, the trial court may consider a document which fails to conform to the formal requirements of Rule 56(e)."); Gee v. Pride, 992 F.2d 159, 161 (8th Cir. 1993) (evidentiary issues reviewed for plain error where objection not made before district court). We conclude that, particularly as the affidavits were clearly based on personal knowledge, see Williams, 594 F.2d at 703-04, no fundamental miscarriage of justice occurred through consideration of these affidavits and documents.