No. 95-2143

Paul Ferguson;                          *
                                        *
        Plaintiff-Appellant;            *
                                        *
        v.                              *
                                        *
Cape Girardeau County; Norman           *
Copeland, Sheriff, Cape                 *
Girardeau County; Ripley   *  Appeal from the United States
County; Nick Pepmiller;                 *  District Court for the
Harold Headly;                          *  Eastern District of Missouri.
                                        *
        Defendants-Appellees;           *
                                        *
Irene X. Burghardt;                     *
                                        *
                Defendant;              *
                                        *
Log Cabin Realty/Century 21;            *
                                        *
        Defendant-Appellee.             *


Submitted:  March 15, 1996

Filed:  July 8, 1996


Before MAGILL, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.


HEANEY, Circuit Judge.


        Paul Ferguson appeals the district court's order of summary judgment
and dismissal of all five counts of his suit alleging violations of 28
U.S.C. § 1983 and conversion.  We affirm in part and reverse in part.

BACKGROUND

On April 4, 1989, defendant Harold Headly, Deputy Sheriff for Ripley County, and Bill Royce, a dispatcher of the City of Doniphan Police Department, picked up the plaintiff, Paul Ferguson, in Florida, where he had been arrested, and returned him to Missouri pursuant to a writ of extradition. Ferguson was incarcerated in the City of Doniphan Jail, located within Ripley County, to await trial. On May 17, 1989, at his request, Ferguson was transferred to the Cape Girardeau County Jail.

On April 22, 1991, Ferguson brought suit alleging that the conditions of his pretrial confinement as well as certain actions taken during this period were in violation of both federal and state law. The first four counts of his complaint allege deprivation of his constitutional rights in violation of 28 U.S.C. § 1983. These claims are based on the following allegations: 1) defendants denied Ferguson's request for medical treatment; 2) the conditions of his pretrial confinement in Cape Girardeau County Jail constituted punishment in violation of the Due Process Clause; 3) Ferguson was denied access to a prison law library; and 4) Ferguson was deprived of outside access resulting in monetary loss. The fifth count of the suit alleges that the foreclosure and sale of his home on July 24, 1989 constituted the state tort of conversion. The defendants named in the complaint are Ripley County; Nick Pepmiller, Sheriff of Ripley County; Harold Headly; Cape Girardeau County; Norman Copeland, then Sheriff of Cape Girardeau County; Irene Burghardt, the purchaser of Ferguson's foreclosed home; Log Cabin Realty/Century 21,[1] the real estate

_____

[1]Service was never properly obtained against Log Cabin Realty/ Century 21.

2

agency responsible for carrying out the sale of Ferguson's home; and Ray Segatti,[2] a Century 21 agent.

On September 10, 1993, the United States District Court for the Eastern District of Missouri granted summary judgment in favor of Norman Copeland and Cape Girardeau County. On April 12, 1995, the district court issued an order dismissing defendant Burghardt and granting summary judgment to defendants Pepmiller, Headly, and Ripley County. Ferguson now appeals.

ANALYSIS

A.    Count II: Pretrial Confinement in Cape Girardeau County Jail

Count II of Ferguson's complaint alleges that the conditions in the Cape Girardeau County Jail constituted punishment before a conviction in violation of his rights to due process of law. The district court ordered summary judgment in favor of Cape Girardeau County and Norman Copeland on two bases: 1) failure to allege that the conditions were pursuant to a county policy or that Copeland had a role in creating or maintaining the conditions, and 2) the pre-trial confinement did not constitute punishment. We affirm the summary judgment on the latter ground. Therefore, we need not address what must be alleged regarding the direct responsibility of the county or the county sheriff with respect to the conditions of the county jail. Nor do we need to address whether the district court should have permitted the plaintiff to amend his complaint to allege any such requisite facts.

We review a district court's grant of summary judgment de novo. See United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). Thus, the question before this court is

―――――――――――――

[2]Plaintiff voluntarily dismissed his claim against Segatti on August 30, 1994.

3

whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Specifically, Ferguson alleges that, upon his transfer to the Cape Girardeau County Jail on May 17, 1989, he was confined to a 5-1/2 by 5-1/2 foot cell without a toilet or a sink and was forced to sleep on a mat on the floor under bright lights, which were on twenty-four hours a day. Ferguson also alleges that he was denied the privileges enjoyed by other prisoners, including communication with other prisoners and yard privileges. Although there is some factual disputes as to these allegations, for the purposes of summary judgment, we take all facts and reasonable inferences in the light most favorable to the nonmoving party. See Ruby v. Springfield R-12 Public Sch. Dist., 76 F.3d 909, 911 (8th Cir. 1996).

In response, the county submitted an affidavit of Robert C. Scott, the Assistant Jail Administrator during the time of Ferguson's confinement. In that affidavit, Scott asserted that Ferguson was confined upon his arrival in the vestibule area of the jail, where he could remain under constant observation, due to concern for Ferguson's medical condition (Ferguson had been complaining of chest pains) as well as the perceived danger that Ferguson represented. (Aff. of Robert C. Scott, ¶ 13). On May 30th, Ferguson was permitted to move to a regular cell in the maximum security wing of the jail. Id. at ¶ 24. Although there was no steel bunk in the vestibule cell, Ferguson was provided with a standard mattress and pillow. Id. at ¶ 15. Ferguson was allowed to use bathroom facilities upon request. Id. at ¶ 17. Despite his complaint of the constant light, he was observed sleeping ninety-three hours of the fourteen days spent in the vestibule. Id. at ¶ 21. Ferguson was also allowed out of the vestibule for various

4

purposes approximately forty-nine hours over the fourteen-day period.  Id. at ¶ 20.  These factual assertions are uncontradicted by the plaintiff. Although the moving party has the burden of showing that there is no genuine issue of fact, the nonmoving party may not rest on allegations, but must set forth specific facts sufficient to raise a genuine issue for trial.  See Trindle v. Caudell, 56 F.3d 966, 969 (8th Cir. 1995).

Conditions of pretrial confinement are impermissible if they constitute punishment as determined by the due process standards of the Fifth and Fourteenth Amendments.  See Bell v. Wolfish, 441 U.S. 520 (1979). "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to `punishment.'"  Id. at 539.  In evaluating the conditions, the court must look to a number of factors, including the size of the detainee's living space, the length of the confinement, the amount of time spent in the confined area each day, and the opportunity for exercise.  See A.J. v. Kierst, 56 F.3d 849, 854-55 (8th Cir. 1995) (citations omitted).  Ferguson alleges that he was confined to a space of just over thirty square feet.  Although this figure raises the question of impermissible pretrial confinement, see Campbell v. Cauthron, 623 F.2d 503, 506-07 (8th Cir. 1980), the totality of the circumstances--which include the relative short duration of the confinement, the necessity to keep the detainee under observation for both his medical condition as well as general safety concerns, and the amount of time that he spent out of the cell--supports the assertion of legitimate governmental interest, see Bell, 441 U.S. at 539, and therefore, does not constitute a violation of Ferguson's due process rights.  Nor is the use of a floor mattress for thirteen nights, when viewed in the totality of the circumstances, a violation of Ferguson's due process rights.  Cf. Kierst, 56 F.3d at 855-56. Thus, we affirm the district court's order of summary judgment on this count.

B.    Counts I, III & IV

        We also affirm the district court's order of summary judgment on Counts I, III, and IV.  Although amendment of a complaint should be allowed liberally to ensure that a case is decided on its merits,  Chestnut v. St. Louis County, Mo., 656 F.2d 343, 349 (8th Cir. 1981), there is no absolute right to amend.  Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989).  We review the district court's decision for an abuse of discretion.  Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971).  In this case, Ferguson never asked the court for permission to amend.  Instead, in response to the defendants' motion for summary judgment, Ferguson requested that any dismissal be without prejudice to refiling.  While the failure to make a formal motion to amend may not be preclusive, see McLaughlin v. Anderson, 962 F.2d 187, 195 (2d Cir. 1992) ("the lack of a formal motion to amend is not sufficient ground for a district court's dismissal without leave to amend, so long as the plaintiff has made its willingness to amend clear"), the plaintiff's clear willingness is not readily apparent from the record.  Moreover, permission need not be granted after undue delay or where amendment would be futile.  Foman v. Davis, 371 U.S. 178, 182 (1962).  In light of these considerations, we hold that the district court did not abuse its discretion.

C.    Count V

        The district court dismissed Count V for lack of subject-matter jurisdiction.  Although we concur with the district court as to the lack of supplemental jurisdiction, as provided by 28 U.S.C. § 1367 (1994), the question of diversity jurisdiction is more difficult given that the plaintiff has asserted diversity of citizenship.  Complaint ¶¶ 4, 5.  Therefore, we remand this count to the district court for a finding of jurisdictional facts.  See Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990).

CONCLUSION

For the above-stated reasons, we affirm the district court's decision with regard to Counts I through IV and remand plaintiff's claim as stated in Count V of his complaint for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.