United States Court of Appeals

FOR THE EIGHTH CIRCUIT
_____

No. 96-1604EM
_____

Denova Candies,                          *
                                         *
            Appellant,                   *
                                         *     Appeal from the United States
      v.                                 *     District Court for the Eastern
                                         *     District of Missouri.
Texaco Refining and Marketing,           *
Inc.,                                    *
                                         *
            Appellee.                    *
_____

            Submitted:  December 12, 1996

                Filed:  February 21, 1997
_____

Before FAGG, FLOYD R. GIBSON, and LOKEN, Circuit Judges.
_____

FAGG, Circuit Judge.


     Denova Candies, a 47-year-old black gas station manager,
brought this action against her former employer, Texaco Refining
and Marketing, Inc. (Texaco), asserting Texaco denied her transfers
because of her race and her age.  See 42 U.S.C. §§ 2000e through
2000e-17 (1994) (Title VII); 29 U.S.C. §§ 621-634 (1994) (ADEA); 42
U.S.C. § 1981 (1994); Mo. Stat. Ann. §§ 213.010-.137 (Vernon 1996).
The district court granted summary judgment to Texaco, and Candies
appeals.    Because  no  reasonable  jury  could  find  Texaco
discriminated against Candies on the basis of race or age, we
affirm.


     The facts are undisputed.  When Texaco purchased a St. Louis
gas station from another company in 1986, Texaco hired the
station's manager, Candies, to manage the station for Texaco.
Texaco's station managers were all classified on the same grade

level, and earned a salary, plus a bonus of up to $1500 quarterly based on sales, less shortages in cash and inventory.

Although Candies' employment record with Texaco was not exemplary, Texaco treated her favorably. The year she was hired, Candies filed false payroll reports for her son who was away at college so another son, who was working at her station, could continue to collect unemployment compensation. When her scheme to defraud the State of Missouri was discovered, Candies begged for her job. Candies' supervisor, Joe Gummersbach, gave Candies another chance. Twice, when Candies' stations were closed for poor performance in 1987 and 1989, Gummersbach transferred Candies to other stations. When Candies requested assignment to a higher volume station with more bonus potential in 1992, Gummersbach transferred Candies to a larger, limited-hour station without a car wash where the previous manager had generated a high bonus. Candies' bonus improved at this station, but her bonus was not as high as the previous manager's because Candies' shortages were nearly $4000 higher for a comparable nine-month time period. In 1992, Candies broke her ankle and was entitled to six weeks of disability based on the length of her employment with Texaco. Gummersbach asked Texaco to count Candies' time with her previous employer so she could receive an extra four weeks of disability. Texaco agreed and gave Candies ten weeks of disability. Candies did not lose her job with Texaco until her station was sold during the course of Texaco's total exit from the St. Louis retail market in late 1993. Texaco was paying Candies the second highest salary of all station managers in St. Louis.

After her termination, Candies filed this lawsuit asserting Texaco discriminated against her on the bases of race and age when it chose others to manage high volume stations on three specific occasions in 1992, and one in 1993. Texaco filed a motion for summary judgment and submitted Gummersbach's affidavit. Gummersbach believed that although Candies was generally competent to manage the stations to which she had been assigned, the people

chosen to manage the larger volume stations had better skills than Candies. Candies' stations had high shortages of thousands of dollars and cashier scheduling problems. Candies worked too few hours herself and her stations were cluttered. Gummersbach thought the people selected instead of Candies would do a better job of handling the additional personnel, inventory, and cash involved with a larger station. In addition, the larger volume stations were open 24 hours and had car washes. Candies had no experience in these areas, and the people chosen did.

In response to Texaco's motion, Candies submitted no evidence contradicting Texaco's reason, or other evidence showing racial or age discrimination. The district court granted summary judgment to Texaco. Candies then filed a motion to alter or amend the judgment, see Fed. R. Civ. P. 59(e), alleging she should have received thirty-three other transfers. The district court declined to revisit the case.

To avoid summary judgment on her Title VII and ADEA claims, Candies had to present enough evidence to create a genuine issue of fact about whether Texaco intentionally discriminated against her because of her race or her age. See Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328, 1335, 1337 (8th Cir. 1996); Lidge-Myrtil v. Deere & Co., 49 F.3d 1308, 1312 (8th Cir. 1995). On the record presented in this case, no reasonable factfinder could infer Candies' race or age actually motivated Texaco's decision not to transfer her. See Rothmeier, 85 F.3d at 1337; Lidge-Myrtil, 49 F.3d at 1312.

According to Candies, Texaco's explanation that the other people were better qualified is pretextual because the explanation is different than the one given to the Equal Employment Opportunity Commission (EEOC). Contrary to Candies' view, Texaco's reason for choosing others for the positions has not changed. Before the EEOC, Texaco gave its current explanation, that the people chosen for the jobs were better qualified than Candies. Texaco also

-3-

asserted the transfers did not constitute promotions. These reasons are not contradictory. Texaco's explanation that the transfers were not promotions is not a reason for choosing other candidates over Candies.

Candies also contends her employment records show Texaco's reason is pretextual. Rather than belying Texaco's view that others were better qualified, however, Candies' evaluations support it. Managers were rated either "strong," "satisfactory," or "unsatisfactory" in seven categories. The four evaluations in the record rated Candies "strong" eighteen times, and merely "satisfactory" ten times. The evaluations state Candies had problems with scheduling cashiers, high shortages of cash or inventory, and questionable reliability and dependability. The evaluations show competent but not stellar managerial skills at smaller stations.

Gummersbach apparently did not view Candies' weaknesses as grounds for termination, but he could reasonably consider them against her when comparing her to the competing candidates. Gummersbach specified the qualifications of the people he chose over Candies and stated his belief that they would perform better at larger stations because they lacked Candies' flaws and had additional relevant experience. Candies possessed the evaluations of the chosen managers, but she did not submit them to the district court until she filed her postjudgment motion for reconsideration. Our review shows the other candidates' evaluations were comparable to or better than Candies'. Candies simply failed to present any evidence discrediting Texaco's nondiscriminatory reason. See Krenik v. County of Le Sueur, 47 F.3d 953, 960 (8th Cir. 1995) (no evidence that employer's reason was pretextual absent evidence that plaintiff's qualifications were better than person chosen). Even if Gummersbach misjudged the transfer candidates, there is no unlawful discrimination absent evidence that the transfers were denied Candies because of her race or age. See McLaughlin v. Esselte Pendaflex Corp., 50 F.3d 507, 512 (8th Cir. 1995).

-4-

In sum, no reasonable trier of fact could infer Candies' race or age actually motivated Texaco's decision not to transfer her. Indeed, rather than showing unlawful discrimination, the record reflects favorable treatment of Candies despite her deficiencies. Given the demise of Candies' Title VII and ADEA claims, her § 1981 and Missouri state law claims also fail. See Lidge-Myrtil, 49 F.3d at 1312.

In her motion to alter or amend the district court's judgment, Candies submitted records showing thirty-three additional transfers she alleges were denied her because of race and age discrimination. These specific allegations and records should have been submitted before the district court entered final judgment, and the district court was not bound to consider them afterwards. See Garner v. Arvin Indus. Inc., 77 F.3d 255, 258-59 (8th Cir. 1996).

We thus affirm the district court.

A true copy.

       Attest:


          CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-