# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4083

_____

Annie Mae Jackson,                          *
                                            *
            Appellant,                      *
                                            *    Appeal from the United States
      v.                                    *    District Court for the
                                            *    Eastern District of Arkansas.
Superior Industries International, Inc.,     *
a Delaware Corporation,                     *          [UNPUBLISHED]
                                            *
            Appellee.                       *

_____

Submitted: January 7, 1999

Filed: January 20, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD
     ARNOLD, Circuit Judges.

_____

PER CURIAM.

     Annie Mae Jackson appeals from the district court's[1] entry of judgment on a jury verdict for her former employer, defendant Superior Industries International, Inc. (Superior), and from the court's denial of her new trial motion, in her action alleging race and sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

§ 2000e et seq., and sex discrimination under the Equal Pay Act of 1963 (EPA), 29 U.S.C. § 206(d). We affirm.

For reversal, Ms. Jackson first contends that the district court should have granted her a directed verdict on her EPA claim. We disagree. Superior offered evidence from which the jury could find that Ms. Jackson did not perform a job that required equal skill, effort, and responsibility and that was performed under the same conditions as the jobs of the male employees with whom she sought to compare herself. See 29 U.S.C. § 206(d)(1); McLaughlin v. Esselte Pendaflex Corp., 50 F.3d 507, 513 (8th Cir. 1995). Furthermore, Superior provided sufficient evidence to support its affirmative defense that any differential in pay was based upon factors other than Ms. Jackson's sex, i.e., that the male employees had significantly more relevant experience than did Ms. Jackson, and that Superior needed experienced workers in its new West Memphis facility. Cf. Corning Glass Works v. Brennan, 417 U.S. 188, 196-97 (1974); Glenn v. General Motors Corp., 814 F.2d 1567, 1571 (11th Cir.), cert. denied, 488 U.S. 948 (1988).

Ms. Jackson also argues that the district court should have granted her a mistrial or a new trial based on Superior's allegedly improper closing argument. Specifically she complains that during his closing argument, Superior's counsel improperly compared Ms. Jackson's salary to the salaries of two white male employees whom Superior had not listed in discovery as being similarly situated to Ms. Jackson, who is African-American. During Superior's defense, the district court had excluded an exhibit that compared Ms. Jackson's salary to those of the two employees, after Ms. Jackson's counsel claimed "surprise" and asserted that Superior had "never mentioned" the employees as "comparables." Ms. Jackson's claim of surprise is undercut, however, by Superior's inclusion of the two employees as "comparables" in its Pre-trial Conference Information Sheet filed five months before trial; Ms. Jackson's failure to object during opening statement when Superior's counsel compared Ms. Jackson to the two employees; and Ms. Jackson's own trial testimony comparing herself to one of the

-2-

employees.  We also note that the parties specifically stipulated during trial to the salary, position, sex, and race of the two employees, the court granted Ms. Jackson additional time to rebut the objected-to argument, and the jury was cautioned that the attorneys' arguments were not evidence.  Under these circumstances, we cannot conclude that Superior's closing argument was "plainly unwarranted" or "clearly injurious".  See Alholm v. American Steamship Co., 144 F.3d 1172, 1181 (8th Cir. 1998).  Therefore the district court did not abuse its discretion in refusing to grant Ms. Jackson a mistrial or a new trial on this basis.  See id.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.