# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-1408

———————

Virginia A. Hayes,                              *
                                                *
        Appellant,                       *
                                                *
    v.                                      *  Appeal from the United States
                                                *  District Court for the
Idelman Telemarketing,                          *  District of Nebraska
                                                *
        Appellee.                        *  [UNPUBLISHED]

———————

Submitted:  May 2, 2000

Filed:  October 18, 2000

———————

Before McMILLIAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

PER CURIAM.

Virginia A. Hayes appeals from the final judgment entered in the District Court[1] for the District of Nebraska, granting summary judgment to Idelman Telemarketing, Inc. (ITI), in her employment discrimination action. Hayes claimed ITI subjected her to a hostile work environment, discriminated against her because of her race (African-American) and her disability (vasomotor rhinitis, allergies, and asthma), and retaliated against her, in violation of the Nebraska Fair Employment Practice Act, Neb. Rev. Stat.

———————

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

§§ 48-1101 to -1126 (1998); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to e-17; and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. For reversal, Hayes argues summary judgment was improper, ITI refused to sign a consent form to proceed before a magistrate, a default judgment was entered against ITI, and the district court erred in considering an affidavit because it was from a nonparty. Hayes has also moved for partial remand four times, arguing the district court should consider new evidence. For the reasons discussed below, we affirm the judgment of the district court.

Upon de novo review, see Winkle v. Southwestern Bell Tel. Co., 195 F.3d 418, 420 (8th Cir. 1999), we conclude summary judgment was proper. First, we find the alleged acts of sexual harassment were not so severe or pervasive as to create a hostile work environment. See Hocevar v. Purdue Frederick Co., 223 F.3d 721, 736 (8th Cir. 2000). Second, we agree with the district court that, even if Hayes established a prima facie claim of race discrimination, see Ruby v. Springfield R-12 Pub. Sch. Dist., 76 F.3d 909, 911 (8th Cir. 1996), she did not show that her repeated violations of an ITI rule were only a pretext for terminating her. See id. at 912. Third, we agree with the district court that Hayes failed to establish a prima facie ADA claim, because she neither showed that she had a disability which substantially limited a major life activity, nor that she was qualified to perform her job with or without reasonable accommodation. See Mole v. Buckhorn Rubber Prods., Inc., 165 F.3d 1212, 1216-17 (8th Cir.), cert. denied, 120 S. Ct. 65 (1999). Last, even if the sequence of events--she filed a charge of discrimination and then did not receive her earnings statements--established a prima facie retaliation case, see Brower v. Runyon, 178 F.3d 1002, 1005 (8th Cir. 1999), we conclude Hayes failed to show that ITI's explanation for the late issuance of her earnings statements was false and that retaliation was the real reason, cf. Sims v. Health Midwest Physician Servs. Corp., 196 F.3d 915, 921 (8th Cir. 1999) (employee's retaliation claim failed because she failed to offer substantial evidence to show proffered reason was pretextual).

Hayes's remaining arguments on appeal are meritless. We also deny her motions on appeal.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.