# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2425

_____

| | | |
|---|---|---|
| Steven J. Weinreich, individually and as trustee of and participant in the O-Jay Company Employees Profit Sharing Plan, and all other participants in the O-Jay Juice Company Employees Profit Sharing Plan, | * * * * * * * * | Appeal from the United States District Court for the District of Minnesota. |
| Appellee, | * * | [UNPUBLISHED] |
| v. | * * | |
| Kevin Lamson, | * * | |
| Appellant. | * | |

_____

Submitted: November 7, 2001

Filed: November 13, 2001

_____

Before HANSEN, FAGG, and BEAM, Circuit Judges.

_____

PER CURIAM.

Kevin Lamson appeals from an adverse default judgment. Having carefully reviewed the record and the parties' submissions, we reject Lamson's arguments. The

district court[*] did not abuse its discretion by not holding a second evidentiary hearing on disputed factual issues regarding service of process, Lamson having failed to show he requested an additional hearing or otherwise explain why he did not timely avail himself of the opportunity to be heard.  See Federal Deposit Ins. Corp. v. Daily, 973 F.2d 1525, 1532 (10th Cir. 1992).  Further, the district court did not commit plain error by relying on the plaintiffs' affidavits, to which Lamson did not timely object. As relevant, the affidavits were grounded in personal knowledge and sufficient to support the district court's finding the summons was served.  See Ruby v. Springfield R-12 Pub. Sch. Dist., 76 F.3d 909, 912 n.8 (8th Cir. 1996); LSJ Inv. Co. v. O.L.D., Inc., 167 F.3d 320, 322 (6th Cir. 1999).  We thus conclude the grant of default judgment was not an abuse of discretion, see Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996), and we affirm the district court.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[*]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.